## Franco *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo.

No. 25.—Resuelto en marzo 30, 1907.

Cancelación—Anotación Preventiva.—La cancelación de una anotación preventiva procede, entre otros casos, cuando por sentencia ejecutoria contra la cual no se haya interpuesto recurso de apelación ó se haya confirmado, en su caso, fuere absuelto el demandado de la demanda de propiedad anotada conforme al párrafo primero del artículo 42 de la Ley Hipotecaria.

Id.—Dictada sentencia ejecutoria y firme, declarando sin lugar la demanda que fuera objeto de una anotación preventiva, la circunstancia de que en dicha sentencia no se ordene expresamente la cancelación de ésta, no es obstáculo para que se practique, ni constituye ello una infracción de los artículos 82 y 83 de la Ley Hipotecaria, pues en este caso la anotación carece de objeto, como sucede en el caso á que se refiere el número 2 del artículo 140 del reglamento para la aplicación de dicha Ley.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. García Cuervo.*

El Juez Presidente Sr. Quiñones emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el Abogado Don Emilio García Cuervo á nombre de Don Ygnacio Franco y Alonso contra negativa del Registrador de la Propiedad de Arecibo á cancelar una anotación preventiva.

*Resultando:* que interpuesta demanda en pleito ordinario ante el tribunal de distrito por Don Antonio Puente y Leal

y continuado después por su cesionaria Doña Dionisia, de los mismos apellidos, contra los esposos Don José Miranda y Pérez y Doña Dionisia Freytes y Don José Arturo Freytes sobre cobro de pesos, y rescisión ó nulidad. del contrato de compra-venta de una estancia de ciento veinte y cinco cuerdas de terreno, radicada en el barrio de Río Arribas Poniente, del término municipal de Manatí, de cuya demanda se tomó anotación preventiva en el Registro de la Propiedad de Arecibo, y que continuado el pleito por todos sus trámites, dictó sentencia el expresado tribunal de distrito, que fué confirmada en grado de apelación por este Tribunal Supremo, declarando sin lugar la demanda ó rescisión del contrato de compra-venta de la estancia de referencia y condenando al demandado Don José Miranda y Pérez á pagar al demandante la suma de 5,358 pesos un centavo, moneda provincial, con la reducción correspondiente á la moneda de los Estados Unidos, con las costas al apelante; cuya sentencia quedó firme y ejecutoriada por no haberse interpuesto contra ella ningún recurso.

*Resultando:* que presentada una copia certificada de dicha sentencia al Registrador de la Propiedad de Arecibo por Don Ignacio Franco y Alonso, como dueño de la estancia de que se trata, para la cancelación de la anotación preventiva de la demanda que se tomó sobre ella, la denegó el registrador por los fundamentos de la nota puesta al pie de dicho documento, la que, copiada á la letra, dice así:

"Denegada la cancelación á que se refiere .la procedente nota, por no ser el documento presentado título suficiente para practicarla; toda vez que, habiendo sido ordenada la anotación de demanda por un mandamiento judicial, sólo en virtud de otro documento de igual clase procede su cancelación, conforme á las prescripciones de la vigente Ley Hipotecaria en sus artículos 82 y 84. Y en cumplimiento de lo establecido por la sección 7ª. de la ley de primero de marzo de mil novecientos dos, queda tomada anotación preventiva por término de ciento veinte días, al fólio 47 del tomo 16 de Manatí, finca No. 410, duplicado, anotación letra "C".—Arecibo, noviembre 7, 1906."

*Resultando:* que contra esta nota se ha interpuesto por el abogado Don Emilio García Cuervo, á nombre de Don Ignacio Franco y Alonso, el presente recurso gubernativo para que se revoque dicha nota y se ordene al registrador la cancelación solicitada; habiendo informado á su vez el registrador por escrito lo que estimó pertinente en confirmación de su negativa.

*Considerando:* que según el artículo 140 del Reglamento de la Ley Hipotecaria No. 1º., uno de los casos en que procede la cancelación de la anotación preventiva, es cuando por sentencia ejecutoria contra la cual no se haya interpuesto recurso de casación (hoy de apelación) fuere absuelto el demandado de la demanda de propiedad anotada conforme al párrafo 1º. del artículo 42 de la ley, en cuyo caso se encuentra comprendido el presente, toda vez que, por sentencia firme del Tribunal de Distrito de Arecibo, confirmada por este Tribunal Supremo, se ha declarado sin lugar la demanda de nulidad establecida por el demandante Don Antonio Puente y Leal del contrato de compra-venta de la estancia de Doña Dionisia Freytes, que fué anotada en el registro de la propiedad, y cuya anotación, por consiguiente, carece ya de objeto y procede cancelarse con arreglo al artículo citado del Reglamento de la Ley Hipotecaria.

*Considerando:* que si bien los artículos 82 y 84 de la propia ley, prescriben que las anotaciones hechas, en virtud de mandamientos judiciales, no se cancelarán, sino por providencia ejecutoria, contra la cual no se halle pendiente ningún recurso, y que será competente para ordenarla el juez ó tribunal que la haya ordenado, ó el que le haya sucedido legalmente en el conocimiento del negocio que diera lugar á ella, estos preceptos de la ley resultan cumplidos con exceso en el presente caso, toda vez que existe una sentencia ejecutoria dictada por el mismo Tribunal de Distrito de Arecibo, que ordenó la anotación y que declara sin lugar la demanda de nulidad, objeto de aquella, y que si bien en dicha sentencia no se ordena expresamente la cancelación de aquel gravamen, esto no obsta para

que pueda practicarse la cancelación, toda vez que, desestimada la demanda de nulidad que dió motivo á la anotación preventiva, carece ya ésta de objeto, como sucede en el caso á que se refiere el No. 2º. del mismo artículo 140 del Reglamento, según el cual, si el demandante abandonare el pleito ó se separare de él, bastará presentar al registrador la providencia en forma que acredite algunos de aquellos extremos para que el registrador practique la cancelación; precepto que no existía en el reglamento hipotecario de España, pero que ha sido introducido en el que rige en esta Isla y que por analogía puede tener aplicación en el presente caso.

*Vistas* las disposiciones legales citadas.

*Se revoca* la nota del Registrador de la Propiedad de Arecibo denegatoria de la cancelación solicitada por el recurrente Don Ignacio Franco y Alonso, la que se declara procedente y debe practicarla el registrador; y devuélvanse los documentos presentados con copia certificada de la presente resolución, para su cumplimiento y demás efecto.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.