Medina, Recurrente, *v.* El Registrador, Recurrido.

## Recurso gubernativo .contra nota del Registrador de la Propiedad de Guayama.

No. 150.—Resuelto en octubre 23, 1913.

Registradores de la Propiedad—Facultades para Revisar las Resoluciones Judiciales.—Si bien el artículo 18 de la Ley Hipotecaria otorga a los registradores la facultad de calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la autoridad judicial, dicha facultad no los autoriza a examinar los fundamentos de las resoluciones judiciales, ni a apoyarse en la apreciación que hagan de la legalidad de sus fundamentos para el efecto de denegar la inscripción de éstos, por mas que les sea permitido considerar si se han dictado con la necesaria competencia y en el correspondiente juicio.

Id.—Expediente de Dominio—Deposiciones de Testigos—Affidavits.—No procede denegar la inscripción de la resolución de una corte de distrito aprobando un expediente de dominio, cuando los testigos han declarado por medio de deposición ante un juez de paz de dicho distrito nombrado al efecto por la misma corte, pues la doctrina sentada en el caso de *Meléndez* v. *El Registrador,* 17 D. P. R., 605, es aplicable solamente a los *affidavits,* pero nó a las deposiciones de testigos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El Registrador Sr. Felipe Cuchí Arnau compareció por escrito.

· El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por resolución de 16 de noviembre de 1912, que dictó la Corte de Distrito de Guayama en expediente promovido por

Juan Medina para justificar el dominio de una finca rústica con 21 cuerdas más o menos, de terreno, situada en el barrio de ''Catruo'' del pueblo de la Cidra, ordenó dicha corte que fuera inscrito en el registro de la propiedad el dominio de la expresada finca a favor del peticionario, por haberse cumplido con las formalidades del artículo 395 de la Ley Hipotecaria; y presentada copia certificada de tal resolución en el registro para que se llevara a cabo la inscripción ordenada, el registrador la denegó por medio de nota que copiada a la letra dice así:

''Denegada la inscripción de este documento por aparecer del mismo haber sido prestadas las declaraciones de los testigos ante autoridad distinta de la que conoce del expediente, y tomada anotación preventiva de la denegación de acuerdo con la ley de 1°. de marzo de 1902 al folio 161 del tomo 15 de Cidra, finca No. 940 (inscripción) digo anotación letra A. Guayama, junio 23 de 1913. El Registrador, Felipe Cuchí Arnau.''

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Juan Medina.

Alega la parte apelante como fundamento del recurso, que los registradores carecen de facultad para revisar las resoluciones judiciales y cita en apoyo de su alegación el artículo 18 de la Ley Hipotecaria y las decisiones de esta Corte Suprema en los casos de *Ramos* v. *El Registrador,* 16 D. P. R., 60; *Ramírez* v. *El Registrador,* 16 D. P. R., 348; *Hernández* v. *El Registrador,* 16 D. P. R., 464, e *Inchausti* v. *El Registrador,* 17 D. P. R., 596.

Ratificamos y reproducimos la doctrina que ya hemos dejado establecida en nuestras decisiones citadas por la parte recurrente, acerca de que, si bien el artículo 18 de la Ley Hipotecaria otorga a los registradores la facultad de calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la autoridad judicial, dicha facul-

tad no los autoriza a examinar los fundamentos de las reso-
luciones judiciales ni a apoyarse en la apreciación que hagan
de la legalidad de sus fundamentos para el efecto de dene-
gar la inscripción o anotación, por mas que les sea permitido
considerar si se han dictado con la necesaria competencia y
en el correspondiente juicio.

Las resoluciones invocadas por el registrador no son apli-
cables al presente caso, pues la primera de ellas se refiere a
una información posesoria en que fueron admitidos como
prueba *affidavits* o declaraciones juradas, y la segunda a un
expediente de dominio que vino en apelación a esta Corte
Suprema contra resolución de la Corte de Distrito de Are-
cibo, y no contra nota del registrador de ese distrito, en cuyo
recurso, por tanto, bien pudo esta Corte Suprema entrar a
examinar los fundamentos de la resolución apelada y la co-
rrección de los procedimientos de la corte inferior.

En la resolución que motiva la nota recurrida de que se
trata, encontramos que los testigos Don Ramón Ortiz y Don
Concepción Díaz declararon por medio de *affidavits* jurados
y suscritos ante el Juez de Paz de la Cidra, nombrado al efecto
por la Corte de Distrito de Guayama, y si ello es así bien
podemos deducir que no se trata de *affidavits* propiamente
dichos en la forma en que los define el artículo 124 de la Ley
de Evidencia, sino de deposiciones con notificación a las par-
tes que intervenían en el expediente.

La doctrina que dejamos establecida en el caso de *Melén-
dez* v. *El Registrador*, 17 D. P. R., 605, es de aplicación sola-
mente a los *affidavits,* pues según allí dijimos invocando el
artículo 128 de la Ley de Evidencia, un *affidavit* es general-
mente un procedimiento secundario o algo que sirve de apoyo
o comprobación para otros documentos o procedimientos o
expresamente permitido por alguna otra prescripción de esta
ley o de cualquiera otra en Puerto Rico. Ahora añadimos
que un *affidavit* como prueba atinente al fondo del asunto
en una acción o en un procedimiento especial, carece de efi-
cacia legal.

No sucede lo propio con una deposición, que según el artículo 125 de la citada Ley de Evidencia es la declaración escrita que se hace bajo juramento con notificación a la parte contraria para que pueda asistir y repreguntar. La deposición ofrece garantías probatorias que no ofrece el *affidavit*, y por tanto bajo ciertas condiciones puede admitirse en el juicio o procedimiento especial.

Deposiciones han sido las de los testigos Don Ramón Ortiz y Don Concepción Díaz, prestadas ante el Juez de Paz de la Cidra por delegación del Juez de Distrito de Guayama, cuyo proceder al delegar y su apreciación acerca de la prueba practicada, no puede discutirse por el Registrador de la Propiedad de Guayama, según doctrina ya consignada en las decisiones de esta Corte Suprema anteriormente citadas.

Esos puntos legales podrían ser materia de un recurso de apelación interpuesto contra el auto resolutorio del expediente de dominio, pero no levantarse por un registrador oponiendo reparos a dicha resolución dictada por la Corte de Distrito de Guayama dentro de los límites de su jurisdicción y en expediente apropiado al efecto.

Por las razones expuestas, opinamos que procede la revocación de la nota recurrida, debiendo el Registrador de Guayama proceder de acuerdo con los principios legales que dejamos consignados.

*Revocada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.