ORTIZ, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de venta judicial.

No. 216.—Resuelto en abril 14, 1915.

VENTA JUDICIAL—ACREEDORES GARANTIZADOS POR LA MISMA HIPOTECA—EJECUCIÓN POR UNO SOLO DE ELLOS—INSCRIPCIÓN DE LA ESCRITURA EN EL REGISTRO.—Cuando del registro aparece que la finca enajenada en ejecución hipotecaria responde además del crédito que se ejecuta de otros créditos más constituídos todos en el mismo acto, a favor de distintas personas, con iguales vencimientos, y sin que en la ejecución hayan intervenido los otros acreedores, ni distribuído a prorrateo el precio del remate, de acuerdo con la doctrina establecida en el caso *American Trading Company* v. *Monserrat*, 19 D. P. R., 979, y la ley No. 31, de 1912, debe denegarse la inscripción, porque no puede ser válida en cuanto a los demás acreedores, ni tampoco podía el comprador adquirir un buen título.

ID.—REQUISITOS DE LA ESCRITURA—JURISDICCIÓN.—Como la validez del título de un comprador en una venta judicial depende que se haya seguido el debido procedimiento de ley, en la escritura debe aparecer que la corte adquirió jurisdicción sobre la persona del demandado, insertándose la resolución final dictada que dió motivo a la venta hecha por el márshal.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. F. V. Rodríguez Ortiz.*

El Registrador recurrido Sr. Felipe Cuchí Arnau compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La nota del registrador contra la cual se ha interpuesto este recurso es la siguiente:

"Denegada la inscripción de este documento por aparecer del registro que la finca enajenada responde además del crédito que se ejecuta de otros dos créditos hipotecarios constituídos todos en el mismo acto, a favor de distintas personas con iguales vencimientos que el que se ejecuta; no aparecer la intervención de los otros acreedores en esa ejecución, ni la distribución en prorrateo del precio del remate conforme al artículo 1515 de la Ley de Enjuiciamiento Civil, ni insertarse tampoco en la escritura la sentencia de la corte de distrito que ordenó la ejecución, tomándose anotación preventiva de la denegación de acuerdo con la ley de 1 de marzo 1902."

Alega el recurrente que los demás acreedores garantizados por la misma hipoteca en nada se perjudicarían con la inscripción que se pretendió hacer puesto que la hipoteca no sería cancelada. Sostiene además que la nulidad de cualquier procedimiento debe aparecer del documento mismo. El registrador, en cambio, llama la atención de este tribunal hacia el hecho de aparecer de los libros del registro que el recurrente es uno de los varios acreedores cuya obligación vencía en la misma fecha garantizados todos por la misma hipoteca sin que se hubiera dado aviso a los otros acreedores hipotecarios de haberse iniciado el procedimiento por el recurrente y sin que se tratara de prorratear el precio obtenido en el remate. En vista de estas consideraciones y como la inscripción no podía ser válida para los demás acreedores y no podía el comprador obtener un buen título, creemos que de acuerdo con la decisión de este tribunal en el caso de *American Trading Co.* v. *Monserrat*, 19 D. P. R., 979, y con la ley No. 31, de 1912, el registrador estaba en el deber de denegar la inscripción.

El otro fundamento de la negativa tal vez es algo más

dudoso. Expresa el registrador en su informe que la sentencia dictada en el caso fué en rebeldía, pero esta manifestación del registrador no aparece acreditada en los autos, sin embargo, no nos consta por los autos la naturaleza del pleito seguido ni cómo adquirió jurisdicción la corte sobre los llamados "sucesores o causahabientes" de José Collazo Vázquez que era el deudor primitivo en la obligación. Como la validez del título del comprador depende de que se haya seguido el debido procedimiento de ley, opinamos que en la escritura cuya inscripción ha sido denegada, debió probarse al menos que la corte adquirió jurisdicción sobre la persona de los demandados e insertarse en todo caso la resolución final dictada que dió motivo a la venta hecha por el márshal. Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.