CREHORE, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama, sobre inscripción de autorización judicial con defecto subsanable.

No. 231.—Resuelto en julio 6, 1915.

CALIFICACIÓN DE TÍTULOS—SUFICIENCIA DE LOS DOCUMENTOS PRESENTADOS—FACULTADES DEL REGISTRADOR.—Aun cuando la facultad que el artículo 18 de la Ley Hipotecaria concede a los registradores para calificar los documentos judiciales que se les presenten para surtir efecto en el registro no se extiende hasta apreciar la justicia o injusticia intrínseca de las resoluciones de los tribunales, sin embargo, los autoriza para examinar la naturaleza del

mandato, del juicio en que se dictó, del procedimiento, y si el juez tenía jurisdicción.  Véase *Fernández* v. *El Registrador,* 17 D. P. R., 1062.

CANCELACIÓN DE HIPOTECA—MANDAMIENTO JUDICIAL—CONSENTIMIENTO—JURISDICCIÓN—DEFECTO SUBSANABLE.—Cuando en un mandamiento judicial para la cancelación de una hipoteca por convenio de los herederos no se expresa si la comparecencia ·la hicieron dichos herederos personalmente o por medio de representante legal, esta falta constituye un defecto por referirse al procedimiento que da jurisdicción al tribunal.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José C. Ramos.*

El registrador recurrido, Sr. Felipe Cuchí Arnau, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En resolución dictada por el Juez de Distrito de Guayama en expediente sobre consignación de cantidad promovido por Charles L. Crehore, que se insertó en el mandamiento librado al Registrador de la Propiedad de Guayama para la cancelación de cierta hipoteca, se hizo constar que habían comparecido en los autos todos los herederos de Don Jesús Ma. Texidor Vázquez, a saber: María Torres Díaz viuda, albacea y heredera, Jacinto y Jesús Ma. Texidor y Alcalá del Olmo, la Sucesión de Manuel Texidor y Alcalá del Olmo, Clementina Texidor Vázquez, y Rigoberto McFarlans Texidor, manifestando que se hallaban conformes con la consignación y con que se librara mandamiento al registrador para que cancelase la hipoteca a que la consignación se refería.

El registrador hizo la cancelación que se le ordenó, pero "haciendo constar el defecto subsanable de no expresarse en la resolución la forma de la comparecencia de los herederos para allanarse a esa consignación." Contra esa calificación de defecto subsanable interpuso Charles L. Crehore el presente recurso gubernativo.

Aun cuando la facultad que el artículo 18 de la Ley Hipotecaria concede a los registradores para calificar los documentos judiciales que se les presentan para surtir efecto en el registro no se extiende hasta apreciar la justicia o injus-

ticia intrínseca de las resoluciones de los tribunales, según hemos declarado repetidas veces, sin embargo, los autoriza para examinar la naturaleza del mandato, del juicio en que se dictó, del procedimiento y si el juez tenía jurisdicción. *Fernández* v. *El Registrador,* 17 D. P. R., 1062.

Si bien en este caso se consigna que comparecieron todos los herederos de Don Jesús Ma. Texidor, entre ellos la Sucesión de Don Manuel Texidor, y que consintieron en la cancelación de su derecho de hipoteca, no se expresa si la comparecencia la hicieron personalmente o por representante legal, dato que es importante que conociera el registrador para poder apreciar la validez del consentimiento prestado para la cancelación de la hipoteca, por lo que lo menos que pudo hacer dicho funcionario fué consignar como defecto subsanable la falta de consignación de la forma en que se hicieron las comparecencias, para lo que está autorizado por referirse al procedimiento que da jurisdicción al tribunal.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.