Sobrinos de Villamil, Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de un embargo.

No. 573.—Resuelto en noviembre 26, 1923.

Anotación Preventiva—Embargo de Finca no Inscrita.—El artículo 92, regla segunda del Reglamento Hipotecario está vigente y da derecho a un demandante para anotar su embargo en el registro de la propiedad aunque la finca embargada no constare inscrita. La mera anotación preventiva por 120 días no protegería suficientemente los derechos del acreedor.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. H. Torres Solá.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Sobrinos de Villamil establecieron demanda ante la Corte Municipal de Río Piedras en cobro de dólares contra Ramón Vázquez. Los demandantes obtuvieron una orden para el aseguramiento de la sentencia contra el deudor. El día 15 de junio de 1923 el márshal, según parece, cumplimentó la orden y embargó una propiedad en Río Piedras. El márshal entregó entonces un mandamiento al registrador de la propiedad para anotar el expresado embargo. El registrador se negó a ello en una nota que es como sigue:

"Denegada la anotación del embargo a que se refiere este documento porque la finca embargada no aparece inscrita a favor del deudor ni de ninguna otra persona, y tomada en su lugar anotación por el término legal al folio 143, tomo 59, Río Piedras, finca No. 2552, letra A, con arreglo al artículo 20 de la Ley Hipotecaria y a la resolución del Hon. Tribunal Supremo P. R., tomo 1º., pág. 314 y otras posteriores análogas."

El artículo 9 de la Ley para asegurar la efectividad de sentencias, Compilación de 1911, pág. 885, prescribe lo siguiente:

"El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado, con la prevención de que no podrá enajenar los bienes embargados sino en pública subasta, con citación del demandante, quedando el precio consignado a disposición del tribunal, ni enajenar en ningún caso los bienes en que haya recaído la prohibición. La enajenación de dichos bienes realizada en contravención a lo dispuesto en este artículo se reputará fraudulenta para todos los efectos civiles y penales, y las personas responsables del fraude serán castigadas además como culpables de desacato (desobediencia)."

Sostiene el recurrente que la ley es imperativa y hace necesaria la anotación esté o no inscrita la propiedad embargada, e insiste el registrador en que sólo puede anotarse un embargo si la propiedad ya ha sido previamente inscrita con arreglo al artículo 20 de la Ley Hipotecaria.

Para resolver este conflicto cita el recurrente el artículo 92 del reglamento hipotecario, a lo que contesta el registrador que este artículo ha sido implícitamente derogado por el sistema que prevalece, toda vez que ya no tenemos la distinción que existía antes de 1902; que un defecto subsanable anteriormente no daba derecho a una persona a verificar la inscripción.

El artículo 92 del reglamento hipotecario, en su parte pertinente, prescribe lo que sigue:

"Se hará anotación preventiva de todo embargo de bienes inmuebles o derechos reales que se decrete en juicio civil o criminal, aunque aquél sea preventivo, debiendo observarse las reglas siguientes:

"Primera.—   *   *   *

"Segunda.—Si la propiedad de los bienes embargados no constare inscrita, se suspenderá la anotación del embargo, y en su lugar se tomará anotación preventiva de la suspensión del mismo por ser subsanable aquel defecto."

Las derogaciones tácitas no son favorecidas. La idea de los autores de la Ley Hipotecaria fué conceder a un ejecutante ciertos derechos contra el público aun cuando no estuviera inscrita la propiedad embargada. En relación con esto los señores Galindo y Escosura, Legislación Hipotecaria, tomo 2, pág. 444, se expresan como sigue:

"Si del registro apareciese que los bienes estaban inscritos a favor de persona distinta del ejecutado, denegará la anotación; y si no estuvieren inscritos a favor de nadie, la suspenderá hasta que aquél a quien interese (si pretende en ambos casos que el dueño verdadero es el ejecutado) logre por los medios legales que se inscriban a nombre del deudor, y a continuación se anote el embargo."

Este derecho no se anula porque la ley haya variado. Lo principal no sigue a lo accesorio, pero sí lo contrario, y el ejecutante tiene derecho a cierta especie de anotación. Esto no se alcanza por medio de una anotación preventiva por el término de 120 días, toda vez que no sólo cualquier

litigio podría sobrepasar dicho límite sino que sería discutible si la prohibición de no enajenar habría de ser eficaz sin tal anotación.

Puesto que esta inscripción puede hacerse de alguna forma, la nota del registrador debe revocarse y verificarse el asiento del embargo.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.