CARLOS ARMSTRONG E HIJOS, SUCESORES, recurrente, *v.* RE-
GISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRI-
MERA, recurrido.

No. 598.—*Sometido:* Noviembre 5, 1924. *Resuelto:* Mayo 20, 1925.

1. EMBARGOS—MANDAMIENTOS DE EMBARGO—INSERCIÓN DE LA ORDEN DE EMBARGO
EN EL MANDAMIENTO.—No es necesario que en el mandamiento librado por
el márshal al registrador a los efectos de la anotación de un embargo, se
inserte la orden de embargo o que se acompañe copia certificada de la
misma.
2. EMBARGOS—ANOTACIÓN DE EMBARGO—FINCA EMBARGADA NO INSCRITA.—Si una
finca embargada no está inscrita, debe anotarse el embargo, haciéndose cons-
tar ese hecho como un defecto subsanable. (*Sobrinos de Villamil* v. *El
Registrador*, 32: 545, ratificado y modificado.)

NOTA de *Tirado Verrier*, R. (Sección Primera, San Juan), denegando
anotación de embargo. *Revocada, ordenándose la anotación.*

*Heriberto Torres Solá,* abogado del recurrente; el registrador com-
pareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Este recurso gubernativo ha sido interpuesto por ha-
berse negado el registrador de la propiedad a anotar el
embargo de una finca fundándose en que en el mandamiento
que el márshal expidió para que hiciera la anotación no se
inserta la orden del juez decretando el embargo ni se acom-
paña con él copia certificada de dicha orden, y en que la
finca embargada no consta inscrita en sus libros a favor de
persona alguna, por lo que tomó anotación preventiva por
120 días.

En el mandamiento librado por el Márshal para la ano-
tación del embargo se inserta el mandamiento que a él le
libró el secretario de la corte para que practicara el em-
bargo, en el que se hace constar que en el pleito seguido en
la Corte de Distrito de San Juan, Distrito Segundo, por
Carlos Armstrong e Hijos, Sucesores, contra Juan Santiago
Sanz, en cobro de pesos, el demandante solicitó el asegura-
miento de la efectividad de la sentencia que en su día
pueda recaer, que la Corte resolvió favorablemente esa pe-

tición previa fianza, y que ésta fué prestada y aprobada por lo que le ordenaba de orden del Hon. M. Rodríguez Serra, juez de dicha corte, que procediera al embargo de bienes del demandado en las cantidades que en el mandamiento se dicen.

[1] No es necesario que en el mandamiento librado al registrador para la anotación de un embargo se inserte la orden del juez que lo decretó o que se acompañe con él copia certificada de dicha orden porque el artículo 73 de la Ley Hipotecaria sólo exige en los mandamientos judiciales disponiendo hacer anotación preventiva que se expresen las circunstancias que la anotación debe contener, según lo prevenido en el artículo anterior; y el artículo 72 dispone que las anotaciones preventivas que deban su origen a providencias de embargo o secuestro expresen la causa que haya dado lugar a ellas y el importe de la obligación que la hubiere originado, circunstancias necesarias para hacer la anotación que constan en el mandamiento que motiva este recurso por lo que no debió ser negada la anotación del embargo por el primer motivo expuesto por el registrador. Los casos de *Franco* v. *El Registrador,* 12 D.P.R. 215, de *Velázquez* v. *El Registrador,* 27 D.P.R. 268, de *Zayas* v. *El Registrador,* 28 D.P.R. 116, de *Machuca e Hijos* v. *El Registrador,* 22 D.P.R. 755, y de *Ortiz* v. *El Registrador,* 22 D.P.R. 339, citados por el recurrido en apoyo de ese motivo de su negativa no tienen relación con el presente caso, porque se refieren a inscripciones de ventas judiciales y no a anotación de embargo de bienes.

[2] Con respecto al otro motivo que tuvo el registrador para negar la anotación del embargo hemos resuelto en el caso de *Sobrinos de Villamil* v. *El Registrador,* 32 D.P.R. 545 que cuando la finca embargada no está inscrita a favor de persona alguna debe verificarse la anotación del embargo en la forma prescrita en el párrafo segundo del artículo 92 del Reglamento Hipotecario exponiendo como fundamento de esa resolución que dicho artículo está vigente y que de

acuerdo con él el demandante tiene derecho a cierta espe-
cie de anotación, que no se alcanza por medio de una ano-
tación preventiva por 120 días, toda vez que no sólo cual-
quier litigio podría sobrepasar dicho término sino que sería
discutible si la prohibición de enajenar había de ser eficaz
sin tal anotación.

A pesar de que el registrador conoce esa decisión insiste
en que dicho artículo no está vigente por haber quedado
derogado tácitamente por virtud de enmiendas hechas a la
Ley Hipotecaria sobre el modo de anotar y de inscribir;
en que en dicho caso dispusimos que debería practicarse al-
guna anotación sin fijar si era definitiva o temporal, y en
que la única anotación que puede hacer de acuerdo con las
reformas de la Ley Hipotecaria en casos de denegación por
defecto insubsanable es por 120 días.

El artículo 92 del Reglamento Hipotecario estableciendo
las reglas que deben seguirse para la anotación preventiva
de embargo de bienes inmuebles o derechos reales decre-
tado en juicio civil o criminal dispone en la segunda de
ellas que si la propiedad de los bienes embargados no cons-
tare inscrita se suspenderá la anotación del embargo, y en
su lugar se tomará anotación preventiva de la suspensión
del mismo por ser subsanable aquel defecto; y el artículo
96 de la Ley Hipotecaria declara que la anotación exigida
a consecuencia de no poder verificarse la inscripción por
defecto subsanable del título presentado caducará a los 60
días de su fecha, plazo que es prorrogable a 180 días, a no
ser que el título presentado emane de autoridad judicial,
en cuyo caso sólo podrá prorrogarse por otro de igual clase.
De acuerdo pues con esos preceptos el embargo no se ano-
taba sino que se suspendía la anotación y se tomaba ano-
tación preventiva de la suspensión por 60 días prorroga-
bles.

En el año 1902 (p. 313) se aprobó una ley sobre recur-
sos contra resoluciones de los registradores de la propiedad
en cuya sección cuarta (Comp. 2183) se ordena a los regis-

tradores que no suspendan por defectos subsanables la inscripción, anotación o cancelación de ningún título y que hagan constar en la inscripción los defectos que contenga el título, así como que en cualquier tiempo en que se presente la documentación para subsanarlos harán constar la subsanación por nota marginal: y la sección 7ª. (Comp. 2186) dispone que cuando nieguen la inscripción, anotación o cancelación extiendan anotación preventiva por 120 días. Como consecuencia de esta ley los mandamientos de embargo que antes no se anotaban cuando la finca no estaba inscrita en el registro a nombre de persona alguna sino que se suspendía la anotación y se tomaba anotación preventiva por ser subsanable ese defecto hay que anotarlos ahora haciendo constar dicho defecto, porque según la ley citada de 1902 no puede negarse la anotación por defectos subsanables y por tanto no procede suspender ni negar la anotación tomando anotación preventiva de la suspensión por 120 días porque esta anotación sólo es procedente ahora cuando existe defecto insubsanable. En el caso de *Duperón* v. *El Registrador,* 15 D.P.R. 63, único que hemos encontrado en nuestras decisiones con respecto a la regla segunda del artículo 92 del Reglamento Hipotecario, aunque este tribunal confirmó la negativa del Registrador negando la anotación de un embargo por no estar inscrita la finca embargada, habiéndose tomado anotación preventiva por 120 días, la cuestión que ahora consideramos no fué tratada sino únicamente que dicho artículo y regla no estaba en contradicción con la ley para asegurar la efectividad de las sentencias por lo que no estaba derogado por ella, que parece fué la única cuestión suscitada por el recurrente.

Por consiguiente, la doctrina expuesta en el caso de *Sobrinos de Villamil* contra *El Registrador, supra,* ha de entenderse modificada en el sentido de que la regla segunda del artículo 92 del Reglamento Hipotecario no está vigente en cuanto dispone que si la finca embargada no está inscrita se suspenda la anotación y se tome anotación preven-

tiva de la suspensión puesto que esto no puede hacerse después de la ley de 1902 citada sino que hay que verificar la anotación del embargo haciendo constar ese defecto subsanable.

*La nota recurrida debe revocarse y ordenarse la anotación del embargo con ese solo defecto subsanable.*