ERNESTO FERNANDO SCHLÜTER, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 694.—*Sometido:* Noviembre 18, 1927. *Resuelto:* Febrero 7, 1928

1. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—VENTA—TRASPASO AL COMPRADOR O ADJUDICATARIO—INSCRIPCIÓN—DEFECTOS SUBSANABLES—EJECUCIÓN CONTRA HEREDEROS DEL PRIMITIVO DEUDOR—OMISIÓN DE ACREDITAR QUE LOS DEMANDADOS SON LOS HEREDEROS.—Seguido procedimiento sumario hipotecario contra varias personas como herederos del primitivo deudor y adjudicada la finca en la subasta efectuada, la omisión de acreditar que tales demandados sean los herederos legítimos del deudor primitivo, constituye sólo un defecto subsanable.

2. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—VENTA—TRASPASO AL COMPRADOR O ADJUDICATARIO—INSCRIPCIÓN—DEFECTOS SUBSANABLES—EJECUCIÓN DE UNA DE DOS HIPOTECAS DE IGUAL DERECHO CONSTITUÍDAS AL MISMO TIEMPO—OMISIÓN DE EXPRESAR EL PRORRATEO EN LA ESCRITURA DE VENTA O ADJUDICACIÓN.—Adjudicada una finca a virtud de remate en procedimiento sumario seguido para el pago de una de dos hipotecas de igual derecho constituídas al mismo tiempo en que el precio obtenido no cubre el total de ambos créditos hipotecarios, la omisión de expresar, en la escritura que en su consecuencia se otorgue, el prorrateo a que se refiere la Ley No. 31 de 1912 constituye un defecto subsanable y no uno insubsanable.

NOTA de *R. Pérez Mercado,* R. (Guayama), denegando inscripción de escritura de venta judicial otorgada en procedimiento sumario hipotecario. *Revocada.*

*E. Campos del Toro,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En escritura pública de 17 de junio de 1921 Fermín Micheo y su esposa reconocieron estar adeudando a Sucesores de Juan Bilbao y Compañía $3,681.66 y a Sucesores de Schlüter y Co., S. en C., $3,622.09, y para garantizarles su pago constituyó a favor de ambos hipoteca sobre dos fincas de su propiedad, con la misma fecha de vencimiento y sin que aparezca preferencia entre esos acreedores.

El procedimiento ejecutivo hipotecario establecido por el acreedor Schlüter para el cobro de ese crédito fué notificado al otro acreedor hipotecario y vendidas las fincas en pública subasta fueron adjudicadas a don Ernesto Fernando Schlüter por la cantidad de $1,000 que pagó al márshal en el acto de la subasta.

Otorgada la correspondiente escritura de venta por el márshal, el registrador de la propiedad se negó a inscribirla porque no aparece de ella que se haya prorrateado el importe del remate entre la ejecutante y Sucesores de Juan Bilbao y Ca., de acuerdo con el artículo 125 de la Ley Hipotecaria, según fué enmendado en 1912, y porque no se acredita que los menores demandados, Clara y Miguel Micheo, sean los herederos legítimos de Fermín Micheo. En cuanto al primer extremo de la nota denegatoria, se cita por el registrador recurrido la doctrina sentada por este tribunal en el caso de *Ortiz v. El Registrador,* 22 D. P.R. 339.

[1] Observamos que el registrador recurrido, en su alegato de fecha 17 de noviembre de 1927, trata el segundo extremo de su nota como defecto subsanable, lo que nos parece más justo que lo que de la nota resultaba, esto es, que la falta de acreditar que los menores demandados sean los herederos legítimos de Fermín Micheo, fuera causa de denegación. Es indudable que este extremo debió acreditarse en forma suficiente, y no lo fué. Ha de aparecer en la demanda tal calidad de legítimos herederos de Fermín Micheo, máxime cuando se trata de una demanda o escrito inicial de un procedimiento ejecutivo hipotecario, en el que no hay un período de prueba, durante el que pudiera acreditarse el referido extremo.

Contra la nota denegatoria puesta por el registrador, ha presentado este recurso don Ernesto Fernando Schlüter. Al escrito formalizando el recurso se unen la copia de la escritura de hipoteca otorgada en 17 de junio de 1921, ante el notario don M. Guzmán Texidor, la de venta judicial por

el Márshal de la Corte de Distrito de Guayama a favor de don Ernesto Fernando Schlüter, ante el notario don Enrique Campos del Toro, en 13 de septiembre de 1927, y una copia simple de una moción de consignación, hecha a nombre del mismo Sr. Schlüter, en el pleito sobre ejecución de hipoteca en el que se produjeron la subasta y la venta de que se trata. No podemos estimar como recomendable ni como admisible, la presentación de copias simples de mociones, que deben venir a esta corte certificadas formalmente por el funcionario bajo cuya custodia se encuentran.

Según aparece de las constancias copiadas en la escritura, los edictos para la subasta fueron publicados en el periódico "La Correspondencia de Puerto Rico" en fechas 17, 29 y 31 de agosto y 6 de septiembre de 1927. En el mismo día 6 de septiembre de 1927, a las dos de la tarde se celebró en Guayama la subasta. No alcanzamos a ver cómo pudo el márshal tener la seguridad de la publicación final de estos edictos, cuando el último se publicó el mismo día en que tuvo lugar la subasta. Este es un extremo que no ha sido sometido a nuestra resolución.

[2] El punto más seriamente debatido en este caso se refiere a la interpretación del artículo 125 de la Ley Hipotecaria, tal como quedó enmendado por la Ley No. 31 de 1912. El registrador recurrido entiende, según aparece de la nota puesta al pie del documento de que se trata, que es condición indispensable la realización del prorrateo entre los diversos acreedores; y el recurrente sostiene que no lo es, ya que el derecho de los acreedores que no han seguido la ejecución se halla garantizado con la subsistencia de su hipoteca, si bien reducida.

El registrador recurrido cita la decisión de este tribunal en el caso de *Ortiz* v. *El Registrador, supra.*

Hemos examinado la escritura de venta judicial de fecha 13 de septiembre de 1927, a que se refiere este recurso. De sus constancias aparece que la Corte de Distrito de Guayama, a petición de la ejecutante, ordenó que la otra

firma acreedora, "Sucesores de Juan Bilbao y Compañía," fuera notificada con copia de la demanda, de la orden y del mandamiento de requerimiento en el pleito; y que tal notificación se llevó a cabo por el márshal de la misma corte.

El caso de *Ortiz* v. *El Registrador* que se cita no se hallaba en las mismas condiciones que el presente. En aquél no hubo la notificación a acreedores que no fueran el ejecutante. Las condiciones son distintas y no creemos que pueda aplicarse la misma teoría.

Examinada la Ley No. 31 de 1912, en ella no se establece como condición precedente e indispensable que el prorrateo se haga antes del otorgamiento de la escritura de venta judicial. En el párrafo final del artículo 125 de la Ley Hipotecaria, como allí quedó enmendado, se dice lo que sigue:

". . . Pero, en el caso de que vendidos judicialmente los bienes gravados, el precio obtenido en la subasta no cubriese el total de todos los plazos o hipotecas, dicho precio se repartirá a prorrata entre los diversos plazos o acreedores, en proporción al interés de cada uno, y si alguno de los plazos o hipotecas no estuviere vencido, y el comprador de la finca no quisiere consignar la parte de precio correspondiente, adquiriendo la finca con el gravamen, entonces se hará constar en el Registro de la Propiedad, en virtud de mandamiento judicial, la reducción operada en el importe de los créditos no vencidos, conforme a lo anteriormente expresado".

De esa facultad del comprador, y de la circunstancia de que en el caso señalado se precise un mandamiento judicial para hacer constar la reducción de los créditos no vencidos, o sea, una verdadera cancelación parcial, y cuyo mandamiento no puede expedirse sino después de hecha la adjudicación en subasta, se deduce que el prorrateo no es previo a la adjudicación, sino posterior a ella; y por tanto, la adjudicación y la escritura que en su consecuencia se otorgó no tienen vicio alguno de nulidad por la falta del prorrateo.

El artículo 65 de la Ley Hipotecaria califica de insubsanable aquellas faltas que necesariamente produzcan la nu-

lidad de la obligación. Y en consonancia con este artículo, el 110 del Reglamento para la ejecución de la Ley Hipotecaria, dice:

"Para distinguir las faltas subsanables de las que no lo sean, y hacer o no en su consecuencia una anotación preventiva, según lo dispuesto en los artículos 65 y 66 de la ley, atenderá el registrador a la validez de la obligación consignada en el título. Si ésta fuese nula por su naturaleza, condiciones, calidad de las personas que la otorguen u otra causa semejante, independiente de su forma extrínseca, se considerará la falta como no subsanable. . ."

Entendemos que la compraventa judicial de que aquí se trata no es nula, ni aun anulable.

La falta o defecto, en este caso, sería de las subsanables. El registrador tiene el derecho de saber si se ha hecho o no el prorrateo, y si se ha de establecer o no, en el registro, la reducción de que se hace mención en el párrafo final del artículo 125 de la ley, tal como quedó enmendado. Pero el comprador tiene el derecho de probar ante el registro, ya el prorrateo, ya su aceptación de la finca en la forma que previene dicho artículo; y este derecho se perjudicaría si se diera el carácter de insubsanable a tal falta.

Las dos faltas o defectos señalados por el registrador recurrido son de carácter subsanable.

*Se revoca la nota recurrida* en cuanto en ella se declaran no subsanables las faltas que se señalan.