RAFAEL CALDERÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 921.—*Sometido:* Mayo 9, 1934. *Resuelto:* Mayo 31, 1934.

*G. Concepción de la Gracia* y *L. Venegas Cortés,* abogados del recurrente; el Registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Rafael Calderón tiene interpuesta en la Corte Municipal de San Juan, Sección Primera, una demanda contra Gabriel Concepción Ortiz y su esposa Ezequiela Dávila para que se les ordene que formalicen escritura de venta a favor del demandante de una finca cuya descripción hace, radicada en Vega Alta, previo pago por el demandante de $400.

Calderón solicitó del Registrador de la Propiedad de San Juan, Sección Segunda, que anotase esa demanda en la mencionada finca pero dicho funcionario no hizo esa anotación por lo siguiente:

". . . por no hallarse inscrita la finca a favor de los demandados, ni de ninguna otra persona, y porque no se determina que fuera San Juan el lugar en que debía cumplirse la obligación de otorgar escritura de venta de la finca, lo que daría jurisdicción a la corte municipal de esta ciudad para conocer de la acción ejercitada, ya que la finca en cuestión radica en Vega Alta, que pertenece al término judicial municipal de Vega Baja, ante cuya corte debió entablarse la reclamación (19 D.P.R. 1016 y 22 D.P.R. 640).''

Hizo constar también como defectos subsanables el no expresarse las circunstancias personales del demandante ni tampoco la edad, profesión y vecindad de los demandados, ni el nombre de quien procede la finca.

Contra esa resolución interpuso Calderón este recurso para que la revoquemos y ordenemos la anotación interesada. El registrador no ha presentado alegato en apoyo de su negativa.

Es cuestión ya resuelta por este tribunal que no es óbice para que pueda anotarse una demanda de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil el hecho de que la finca que ha de ser objeto de la anotación no esté inscrita a favor del demandado. *Zapata* v. *Registrador,* 40 D. P.R. 564; *Carreras* v. *Registrador,* 42 D.P.R. 910. Relacio-

nadas con esta cuestión son nuestras resoluciones en *Sobrinos de Villamil* v. *Registrador,* 32 D.P.R. 545, y *Armstrong* v. *Registrador,* 34 D.P.R. 267.

■■■ El segundo motivo de la negativa del registrador también ha sido resuelto por nosotros en sentido favorable al recurrente pues en el caso de *González* v. *Lebrón,* 24 D. P.R. 399, en el que se estableció el pleito para que se condenara a los demandados a otorgar escritura de compraventa por el precio y las condiciones especificadas en la demanda, esta corte dijo: ''Un pleito cuyo objeto es el cumplimiento específico de un contrato de compraventa de finca rústica es principalmente una acción personal (*in personam*), y el caso de autos no es una acción 'para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés, y por daños causados a propiedad inmueble.' '' Se hacen en él varias citas.

Aunque por tratarse de una finca radicada en Vega Alta el pleito debiera establecerse en la Corte Municipal de Vega Baja, según dice el registrador, aún así la Corte Municipal de San Juan no dejaría de tener jurisdicción en el asunto si no se solicitase el traslado de él, según fué resuelto en el caso de *Carbonell* v. *Registrador,* 17 D.P.R. 148. Los casos citados por el registrador, que son los de *Medina* v. *Registrador,* 19 D.P.R. 1016, y de *Crehore* v. *Registrador,* 22 D.P.R. 640, no tienen aplicación a la cuestión que resolvemos, pues en ellos se trata de la facultad que tiene el registrador para calificar los documentos expedidos por autoridad judicial que se le presenten y hasta dónde esa facultad llega, mientras que en el presente caso no fué expedido por autoridad judicial el documento que se le presentó para anotación de la demanda sino que la parte interesada le hizo saber la interposición de su demanda con copia de ella.

■ Los defectos subsanables consignados por el registrador en su negativa por no expresarse en el documento que se le presentó las circunstancias personales del demandante ni

de los demandados ni decirse de quién procede la finca no son sostenibles en este caso, porque no tratándose de inscripción de título sino de la anotación de la interposición de una demanda que autoriza y regula el artículo 91 del Código de Enjuiciamiento Civil en acciones que afecten al título o al derecho de posesión de una propiedad inmueble, es suficiente con que el aviso que se presente al registrador para la anotación de la demanda o de la contestación, si ésta solicita un remedio afirmativo, exprese los nombres y apellidos de las partes, el objeto de la demanda o contestación y la descripción de la propiedad en litigio, que son los requisitos exigidos por dicho artículo y todos los cuales fueron cumplidos en este caso.

*La nota recurrida debe ser revocada y ordenarse la anotación de la demanda del recurrente sin los defectos subsanables consignados por el registrador.*