Enrique González, recurrente, v. El Registrador de la Pro-
piedad de Arecibo, recurrido.

No. 735.—*Sometido:* Noviembre 5, 1928.  *Resuelto:* Noviembre 27, 1928.

*Angel R. de Jesús,* abogado del recurrente; el registrador recurrido
no compareció.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

Enrique González entabló en la Corte Municipal de Ciales
un pleito contra José Fontanez Ríos y para asegurar la efec-
tividad de la sentencia embargó como perteneciente al deman-
dado una finca radicada en el distrito municipal de Ciales.

Cuando se presentó la orden de embargo al Registrador
de la Propiedad de Arecibo, éste se negó a hacer la anotación
fundándose en que la finca en cuestión aparecía inscrita a
nombre de Aniceto Figueroa Ortiz.

Dentro del término de 120 días de la anotación preventiva,
el acreedor presentó al Registrador de la Propiedad de Are-
cibo una escritura fechada 30 de enero de 1928, según la cual
Aniceto Figueroa vendía la finca objeto del embargo al menor
Maximino Fontanez Padilla, quien estaba representado por
su padre y bajo la patria potestad de él, no demostrándose
en la escritura de adquisición la procedencia del dinero de la
compra.   En otras palabras, aparecía que un menor no eman-
cipado estaba adquiriendo bienes sin demostrarse que el

dinero de la compra procedía de fondos no suministrados por su padre, quien estaba vivo y en el ejercicio de la patria potestad sobre su citado hijo menor de edad. Los autos guardan absoluto silencio respecto a la naturaleza especial de la compra, o respecto a si el menor posiblemente podía obtener un buen título. No obstante, el registrador se negó a hacer la anotación del embargo, fundándose en que la finca estaba inscrita a nombre de Maximino Fontanez Padilla, o sea a nombre de una persona distinta del deudor.

El artículo 226 del Código Civil dispone:

"Pertenece al padre o a la madre en propiedad y usufructo lo que el hijo adquiera con caudal de cada uno de ellos. Pero si el padre o la madre le cediesen todo o parte de las ganancias, no se le imputarán en su herencia."

El recurrente admite que dicho artículo por sus propios términos no establece presunción a favor de la idea de que la finca pertenecía al padre, pero sostiene que la jurisprudencia de España es al efecto de que surge tal presunción. 6 Jurisprudencia Civil, 28, 29. Tal es quizá la tendencia de la decisión de esta corte en el caso de *Sánchez* v. *Vadí et al.*, 25 D.P.R. 559.

Sin embargo, resolvemos que ya exista una presunción o solamente una reclamación debatible por parte del acreedor, cuando un menor emancipado aparece adquiriendo bienes mientras está bajo la patria potestad de su padre, un acreedor que trata de embargar los bienes como pertenecientes al padre tiene tal interés en los mismos que le da derecho a que se haga una anotación. El artículo 42 de la Ley Hipotecaria dispone lo siguiente:

"Podrán pedir anotación preventiva de sus respectivos derechos en el Registro público correspondiente:

"1. El que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real.

"2. El que, con arreglo a derecho, obtuviere a su favor manda-

miento de embargo que se haya hecho efectivo en bienes raíces del deudor.

"3. El que en cualquier juicio obtuviese sentencia ejecutoria condenando al demandado, la cual deba llevarse a efecto, por los trámites establecidos en el título 8vo., libro 2do., de la Ley de Enjuiciamiento Civil.

"4. El que, demandando en juicio declarativo el cumplimiento de cualquiera obligación, obtuviere, con arreglo a las leyes, providencia ordenando el secuestro o prohibiendo la enajenación de bienes inmuebles.

"5. El que propusiere demanda con objeto de obtener alguna de las providencias expresadas en el número 4 del artículo 2 de esta ley.

"6. El cónyuge viudo, por el derecho que le concede el artículo 838 del Código Civil.

"7. El legatario que no tenga derecho, según las leyes, a promover el juicio de testamentaría.

"8. El acreedor refaccionario, mientras duren las obras que sean objeto de la refacción.

"9. El que presentare en el oficio del Registro algún título cuya inscripción no pueda hacerse definitivamente por falta de algún requisito subsanable o por imposibilidad del Registrador.

"10. El que en cualquiera otro caso tuviere derecho a exigir anotación preventiva, conforme a lo dispuesto en esta ley."

De acuerdo con este artículo un acreedor que trata de dejar sin efecto una enajenación fraudulenta, o que alega que los bienes de una persona pertenecen a otra, tiene derecho a que se haga una anotación, según ha sido definida en el presente artículo. La anotación nada resuelve; es meramente un aviso al mundo en general de que el acreedor reclama un derecho.

Puede que sea o no necesario, según sostiene el recurrente, que un menor instituya un procedimiento de tercería para establecer su derecho a la propiedad. El peso de la prueba en cualquier litigio recae posiblemente en el acreedor, quien debe probar, por lo menos, tanto como se ha hecho en este caso, o tal vez un poco más.

*Debe revocarse la nota recurrida y hacerse la anotación.*