JOAQUÍN MARIÑO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 751.—*Sometido:* Marzo 7, 1929. *Resuelto:* Enero 17, 1930.

E. *Campillo,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la Corte de Distrito de San Juan se siguió un pleito en el que es demandante Joaquín Mariño y demandado Justo Cabrera; en el mismo en 22 de noviembre de 1928 en procedimiento para aseguramiento de efectividad de sentencia se decretó el embargo de bienes, trabándose sobre una finca urbana radicada en Río Piedras. Al presentarse al registro de la propiedad el mandamiento de embargo para los fines

de la anotación, el registrador la denegó poniendo la siguiente nota:

"Denegada la anotación del embargo ordenado en el precedente mandamiento, por figurar inscrita la finca a nombre de Celestino López Rivera, persona distinta del demandado Justo Cabrera, y tomada en su lugar anotación preventiva por ciento veinte días, etc."

Celestino López Rivera no es parte en el pleito en que se decretó este embargo; él no ha sido oído, ni tenido oportunidad de defenderse; y su propiedad se grava sin que él pueda hacer oposición previa al acto del márshal.

El registrador ha cumplido con lo dispuesto en el párrafo cuarto del artículo 20 de la Ley Hipotecaria, que lee así:

"En el caso de resultar inscrito aquel derecho a favor de persona distinta de la que otorgue la transmisión o gravamen los Registradores denegarán la inscripción solicitada."

La inscripción a favor de persona distinta es un obstáculo insuperable.

El demandante, por lo que aparece de los antecedentes, no está reclamando en este litigio la propiedad del inmueble embargado, ni la constitución, modificación, declaración, o extinción de ningún derecho real sobre el mismo. El número 1 del artículo 42 no tiene aplicación al caso. Y en cuanto al número 2 del mismo artículo, se exige allí que se haya obtenido mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor. Los bienes raíces en que se ha hecho efectivo el embargo en este caso, según el registro de la propiedad son de una tercera persona que no es el deudor demandado

Se nos cita el caso *González v. Registrador,* 38 D.P.R. 854. Pero es distinto del presente. En aquél la venta aparecía hecha a un menor, hijo del deudor demandado, sin que apareciera que "el dinero de la compra procedía de fondos no suministrados por su padre, quien estaba vivo y en el ejercicio de la patria potestad sobre dicho menor." (Véase la opinión en el caso.) Se citó allí el artículo 226

del Código Civil, y la presunción establecida por la jurisprudencia española; y asimismo el artículo 42 de la Ley Hipotecaria, y al tratar de este último se dijo:

"De acuerdo con este artículo un acreedor que trata de dejar sin efecto una enajenación fraudulenta, o que alega que los bienes de una persona pertenecen a otra, tiene derecho a que se haga una anotación, según ha sido definida en el presente artículo. La anotación nada resuelve; es meramente un aviso al mundo en general de que el acreedor reclama un derecho."

En el presente caso no hay presunción alguna que se parezca a la del caso anterior; ni se trata en la demanda de anular enajenación fraudulenta, ni hay alegación de que los bienes pertenezcan al demandado y no al tercero.

Como una interesante cuestión de hecho, conviene decir que la finca de que se trata aparece vendida a Celestino López Rivera por escritura de 12 de junio de 1928, según afirmó el recurrente; y el embargo es de 27 de noviembre del mismo año.

*Se confirma la nota recurrida.*

El Juez Asociado Señor Wolf disintió.*