JOAQUÍN MARIÑO, Recurrente, *v.* EL REGISTRADOR DE LA PRO-
PIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, Recurrido.

No. 751.— 

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Joaquín Mariño entabló un pleito contra Justo Cabrera,
y para asegurar la efectividad de la sentencia embargó una
finca como perteneciente al supuesto demandado. Cuando
se presentó al registrador la orden de embargo, éste se negó
a anotar la misma en vista de que la finca que se trataba
de embargar aparecía inscrita a nombre de Celestino López
Rivera, persona distinta al demandado Cabrera, y en su lu-
gar tomó anotación preventiva por 120 días.

En *González* v. *Registrador de Arecibo,* 38 D.P.R. 854,
en que hubo una negativa similar, transcribimos el artículo
42 de la Ley Hipotecaria y dijimos:

"De acuerdo con este artículo un acreedor que trata de dejar
sin efecto una enajenación fraudulenta, o que alega que los bienes
de una persona pertenecen a otra, tiene derecho a que se haga una
anotación, según ha sido definida en el presente artículo. La ano-
tación nada resuelve; es meramente un aviso al mundo en general
de que el acreedor reclama un derecho."

El registrador en su alegato dice que no tenía conoci-
miento de la decisión que antecede cuando se negó a hacer
la anotación, pero insiste en que la nota puesta por él en el
presente caso es correcta y en que puede hacerse una dis-
tinción entre los dos casos. En el caso anterior se trató de
embargar bienes de un menor como pertenecientes a su pa-
dre, pero en la decisión está implícita y directamente expre-
sado que cuando hay una controversia debatible respecto a
si una finca pertenece o no a un demandado, debe hacerse

la anotación. En el presente caso el recurrente alega, y el registrador no niega sino que más bien admite, que la finca aparecía inscrita a nombre de Justo Cabrera hasta el 12 de junio de 1928, cuando fué traspasada a Celestino López Rivera.

No obstante, se desprende suficientemente que para recobrar la suma de $546 la finca en cuestión fué embargada por el Márshal de la Corte de Distrito de San Juan como perteneciente al demandado y deudor Justo Cabrera. Si el traspaso a Celestino López Rivera es válido o no, es precisamente la cuestión que tiene que ser resuelta por la Corte de Distrito de San Juan. El márshal en realidad ha embargado la finca y hasta ese punto se ha convencido de que el deudor jamás se desprendió del título.

Los incisos primero y segundo del artículo 42 de la Ley Hipotecaria disponen:

"Podrán pedir anotación preventiva de sus respectivos derechos en el Registro público correspondiente:

"1.—El que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real.

"2.—El que, con arreglo a derecho, obtuviere a su favor mandamiento de embargo que se haya hecho efectivo en bienes raíces del deudor."

Considerando los derechos creados de conformidad con el inciso primero, puedo decir que lo que el acreedor necesariamente interesa es la extinción de un derecho aparente en su contra que fué obtenido de modo fraudulento, y considerando los creados bajo el inciso segundo, parecería desprenderse que si el traspaso fué fraudulento no surgió título alguno de parte de la persona a cuyo favor se transfirió, a pesar de la inscripción. Artículo 33 de la Ley Hipotecaria.

El último inciso del artículo 389 de la Ley Hipotecaria dispone lo siguiente:

"También podrá admitirse el expresado documento cuando se presente para pedir la declaración de nulidad y consiguiente cance-

lación de algún asiento que impida verificar la inscripción de aquel documento.''

Lo que el recurrente trata de hacer es destruir una inscripción en contra suya, dando los primeros pasos tendentes a ello, a saber, trabando un embargo y obteniendo una anotación preventiva de su existencia. Él sostiene que el traspaso es nulo e ineficaz.

El denegar el registrador la anotación equivale a decidir anticipadamente lo que incumbe a la corte. Según el artículo 42 de la Ley Hipotecaria la cuestión esencial es si la finca en realidad pertenece al deudor. He examinado aquellas decisiones de la Corte Suprema de España, de las citadas por el registrador, que he podido encontrar, y nada hallo en ellas que esté en conflicto con la teoría de este caso. Denegando la anotación, si existe un traspaso fraudulento, un acreedor que embarga podría perder un derecho o ser sometido a grandes dificultades. A no ser para dar aviso a todo el mundo, la anotación nada decide, y debió haberse hecho.