Ernesto Fernando Schlüter, demandante y apelado, *v.* Sucesión de Benigno Díaz, compuesta de su viuda doña María Esterás Ramírez y sus hijos menores de edad María Dolores, Juana, Carmen Julia, Antonia, Aída o Adelaida, Benigno y Manuel, representados por su madre con patria potestad la dicha doña María Esterás Ramírez, demandada; y Artemio Camacho, opositor y apelante.

No. 5941.—*Sometido:* Enero 26, 1933. *Resuelto:* Mayo 1, 1934.

*R. Ortíz Pacheco* abogado del apelante; *H. R. Francis* y *C. Ortíz Stella,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Después de dictada sentencia en este caso ordenó la corte de distrito que sea cancelada en el registro de la propiedad cierta hipoteca y contra esa resolución se interpuso este recurso de apelación.

Ernesto Fernando Schlüter, haciendo negocios bajo el nombre de Schlüter & Cía., Sucrs., demandó en cobro de pagarés y de cánones de arrendamiento a la viuda e hijos de Benigno Díaz, por haber fallecido éste sin testamento, y embargó un solar radicado en Caguas que estaba inscrito en el registro de la propiedad a nombre de Benigno Díaz y cuyo embargo fué anotado en dicho registro. Después de anotado ese embargo fué inscrita en el registro de la propiedad la venta que del mismo solar había hecho anteriormente Benigno Díaz a José Ramírez, quien posteriormente lo hipotecó para garantizar el pago de cuatro pagarés de $400 cada uno, siendo inscrita también esa hipoteca. Establecido pleito de tercería de mejor derecho a ese solar por José Ramírez contra Schlüter y contra la sucesión de Benigno Díaz terminó por sentencia que declaró nulo y sin valor ni eficacia el título de compra de José Ramírez a Benigno Díaz, que ordenó la cancelación en el registro de la inscripción hecha en él a favor de José Ramírez, y que declaró en toda su fuerza y vigor el embargo practicado por Schlüter en el registro. La cancelación ordenada de la inscripción del título del com-

prador José Ramírez fué practicada en el registro. Vendido el solar para satisfacer la sentencia de Schlüter, le fué adjudicado en pago parcial de su crédito y ese título de compra fué inscrito en el registro. Entonces solicitó Schlüter de la corte que ordenase la cancelación de la hipoteca que constituyó Ramírez en garantía de los pagarés porque fué constituída e inscrita después de estar anotado su embargo y porque el producto de la venta en subasta no dejó remanente alguno para aplicar al pago de gravámenes posteriores. Ordenó la corte que fueran citados por edictos los endosatarios de los expresados pagarés con apercibimiento de que si no comparecían ante la corte en el término que fijó a oponerse a lo solicitado por el demandante, la corte decretaría la cancelación de la hipoteca que los garantizaba. Como consecuencia de los edictos publicados compareció en el pleito Artemio Camacho como endosatario de dos de esos pagarés y se opuso a la cancelación solicitada. Oídas las partes y las pruebas que presentaron recayó resolución decretando la cancelación en el registro de la hipoteca y contra ella se interpuso por Camacho esta apelación. El apelado Schlüter no ha presentado alegato alguno en este recurso.

Alegó el apelante en la corte inferior y repite ahora en el primer motivo de su recurso que la corte inferior no tenía jurisdicción para disponer la citación de los tenedores de los pagarés porque esa orden fué dictada durante las vacaciones de la corte.

Es cierto que esa resolución fué dictada en el período de vacaciones de la corte pero podía dictarse así porque según el artículo 22, letra c, del Código de Enjuiciamiento Civil, como quedó enmendado en 1905 (Compilación, pág. 846) los jueces de distrito pueden dictar en sus despachos "Las providencias, autos interlocutorios, y toda resolución afectante al procedimiento o encaminada a asegurar la efectividad de la sentencia, que se soliciten antes de contestar la demanda o después de contestada, y también en el período de ejecución de sentencia." No tenemos duda de que la resolución im-

pugnada afectaba al procedimiento porque su objeto fué la citación de los endosatarios de los pagarés para ser oídos antes de resolver la solicitud de cancelación interesada por Schlüter. Y también fué dictada en el período de ejecución de sentencia, por lo que la corte tenía jurisdicción para conocer del asunto. El hecho de que esa resolución contenga el pronunciamiento de que si los endosatarios de los pagarés no comparecen la corte accederá a lo solicitado por el demandante es meramente un aviso de lo que puede ocurrirles si no comparecen pero no es el ejercicio de discreción por el juez que dictó la orden para resolver el asunto y en efecto nada resolvió definitivamente sobre la reclamación interesada.

En el segundo motivo para esa apelación se dice que fué error de la corte inferior estimar que el embargo de Schlüter es válido. Se alega que no lo es porque cuando fué anotado el embargo en el registro la finca de que aparecía ser dueño Benigno Díaz ya no pertenecía a él por haberla vendido al apelante por escritura pública, que no fué inscrita, y porque la finca no estaba inscrita a nombre de los demandados sino de Benigno Díaz.

El primer aspecto de ese motivo de error se funda en que el embargo debe ser anotado en el registro de la propiedad en bienes del deudor, según el artículo 42, No. 4, en relación con el 44 de la Ley Hipotecaria, y en que aunque al ser anotado el embargo aparecía la finca en el registro como de la propiedad del deudor Benigno Díaz, sin embargo, no lo era entonces porque la había vendido anteriormente a José Ramírez por escritura pública que no había sido inscrita en el registro pero que lo fué después de anotado el embargo, por lo que la anotación de ese embargo a favor de Schlüter es nula. En apoyo de esa afirmación cita la sentencia de este tribunal en el caso de *Vélez* v. *Camacho*, 8 D.P.R. 38, y la opinión del comentarista Morell en su tomo 3, págs. 92 a 94.

Esa cuestión es verdaderamente interesante en este caso por las circunstancias que en él concurren, pues ya hemos

dicho que el comprador Ramírez hipotecó la finca para garantizar cuatro pagarés, dos de los cuales están endosados al apelante Camacho, y que posteriormente fué declarado nulo por sentencia el título del comprador Ramírez en el pleito de tercería que él estableció contra Schlüter y contra la sucesión de Benigno Díaz, en el que no consta que fuera demandado ni que interviniera el ahora apelante Camacho, quien alega en la ejecución de la sentencia que obtuvo Schlüter contra los componentes de la sucesión de Benigno Díaz que es nula la anotación del embargo de Schlüter. En otras palabras, que ese embargo es nulo porque cuando fué anotado en el registro la finca era propiedad de Ramírez. Sin embargo, como la compra de Ramírez ha sido anulada y su inscripción cancelada en el Registro y como el crédito hipotecario del apelante dimana del título que tenía Ramírez, surge la cuestión de si el apelante Camacho puede, amparándose en el título nulo de Ramírez, obtener que ese título surta el efecto de que por él se anule la anotación de Schlüter y la adjudicación que se hizo en la subasta, dando por resultado que su crédito hipotecario quede subsistente a pesar de estar constituído por una persona que no tenía un título legal de dueño de la finca que fué gravada con la hipoteca que garantizaba los pagarés de que es dueño el apelante Camacho. Indudablemente, la declaración de nulidad del título de Ramírez no puede perjudicar a Camacho por no haber sido parte en el procedimiento en que se hizo, pero ha producido un estado de derecho que no puede ser ignorado mientras otra sentencia, quizá a instancia de Camacho por el interés que tiene en la finca, no declare que el título de Ramírez es válido y que su inscripción debe subsistir, surtiendo así el efecto de que se obtenga la nulidad del embargo de Schlüter y de la adjudicación que se le hizo de la finca, cuestión que no es necesario resolver ahora colateralmente a instancia de Camacho mientras subsista la declaración de nulidad del título de Ramírez y la cancelación de su inscripción en el registro. Por consiguiente, no podemos declarar

ahora que la anotación del embargo de Schlüter y la adjudicación que se le hizo de la finca sean nulas, sin perjuicio de los derechos que el apelante Camacho pueda ejercitar y que ha ejercitado, pues tiene anotada en el registro su demanda contra Ramírez y contra Schlüter en la que interesa que se declare nula la sentencia que anuló el título de Ramírez.

Con respecto a que el embargo es nulo por no estar inscrita la finca a favor de los demandados cuando fué hecha la anotación del embargo, nos bastará decir que el artículo 126 del Reglamento Hipotecario en su párrafo cuarto autoriza la anotación aunque la finca esté inscrita a nombre del causante y no de los herederos demandados; sin que esa anotación sea nula de acuerdo con el artículo 76 de la Ley Hipotecaria, ya que por ella se viene en conocimiento de la finca anotada, de las partes a quienes interesa la anotación y de la fecha de ella.

En el tercer motivo se dice que fué error de la corte inferior afirmar que es válido el título del demandante sobre el solar porque es nula la inscripción hecha a favor de Schlüter por no haberse inscrito previamente la finca a favor de los herederos de Benigno Díaz y por no haber satisfecho ellos las contribuciones por herencia.

El precepto del artículo 20 de la Ley Hipotecaria que exige la inscripción a favor del que transmite el derecho para que tal transmisión pueda ser inscrita no es tan absoluto que no tenga excepciones, como dicen Galindo y Escosura en sus Comentarios a la Ley Hipotecaria, cuarta edición, tomo 2, pág. 210, cuando relaciona esas excepciones. Una de ellas es la reconocida por nuestra jurisprudencia en los casos de *Passalacqua* v. *Registrador,* 2 D.P.R. 59, y de *Figueroa* v. *Registrador,* 18 D.P.R. 260, cual es cuando la herencia está yacente, fundada en las resoluciones de la Dirección General de los Registros de 24 de julio de 1884 y de 25 de abril de 1890. En el último de los casos citados hemos dicho que está yacente la herencia no reclamada por nadie; y que mientras esté yacente, por haberse abstenido de su acepta-

ción los llamados por la ley, se supone existente la personalidad del difunto. En este caso no hay hecho alguno del cual pueda deducirse la aceptación de la herencia por los demandados, como lo hubo en el caso de Figueroa, supra, en el que fueron declarados herederos los hermanos del difunto a instancia de uno de ellos y en el que el demandado intervino en el juicio como heredero reconociendo el crédito, aunque oponiéndose a su ejecución, pues no aparece de los autos hecho alguno de aceptación de la herencia ni del cual pueda ser deducido, ya que lo único que consta es que por haber muerto intestado el deudor Benigno Díaz el pleito se instituyó contra su viuda y los hijos de ese matrimonio, quienes no comparecieron en él. Tampoco existe nulidad en la inscripción del título de Schlüter.

En cuanto a que la inscripción es nula porque los herederos de Benigno Díaz no han pagado los derechos por herencia o no se ha demostrado que estén exentos de tal pago, carece de fundamento porque ellos no han inscrito la finca a su nombre ni consta que hayan aceptado esa herencia.

■■ Alega el apelante en el último motivo de su recurso que su crédito hipotecario no puede ser cancelado porque es un tercero hipotecario a pesar de haber sido anulado el título de José Ramírez y cancelada su inscripción en el registro, toda vez que adquirió su crédito hipotecario de persona que según el registro era el dueño de la finca.

Esa cuestión carece de importancia en este caso pues el apelante no es tercero hipotecario porque adquirió su crédito sabiendo por el registro que la finca que fué hipotecada tenía anotado un embargo anterior a favor de Schlüter y que de acuerdo con el artículo 71 de la Ley Hipotecaria si bien pueden ser enajenados o gravados los bienes inmuebles o derechos reales anotados será sin perjuicio del derecho de la persona a cuyo favor se haya hecho la anotación. De acuerdo con ese precepto hemos dicho en el caso del *Banco de Puerto Rico* v. *Solá e Hijos,* 26 D.P.R. 63, que un acreedor que verifica una anotación de embargo obtiene un derecho

conocido en la ley americana e inglesa como *lien*, y que ese derecho excluye claramente a todas aquellas personas cuyas reclamaciones en contra de la propiedad tienen su origen en una fecha posterior a la de la anotación en el registro. Por consiguiente, habiendo sido constituída la hipoteca en este caso por Ramírez después de estar anotado en el registro el embargo de Schlüter, sabía el apelante al adquirir pagarés garantizados con esa hipoteca que esa operación la realizaba sin perjuicio del derecho de la persona a cuyo favor se anotó el embargo, por lo que su crédito no puede subsistir después de la venta de la finca en el procedimiento en que el embargo fué anotado.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison disintió.*