Florencio Román, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1094.—*Sometido:* Noviembre 3, 1941. *Resuelto:* Noviembre 7, 1941.

*Carlos D. Vázquez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En pleito seguido por el recurrente contra Ramón Mojica en cobro de dinero, solicitó el demandante el embargo de bienes del demandado.

A pesar de que Hortensia Díaz Díaz no fué parte en el pleito, el juez, en la orden de aseguramiento, dispuso:

"Al efecto, se ordena el embargo de las fincas que alega el demandante son de la propiedad del demandado Ramón Mojica, aun-

que se encuentran inscritas en el Registro de la Propiedad a nombre de Hortensia Díaz Díaz, que se describen como sigue: . . .''

Denegó el registrador la anotación del embargo sobre las fincas de Hortensia Díaz Díaz por constar inscritas a nombre de dicha señora, persona distinta del demandado Ramón Mojica. Contra esa nota se interpuso el presente recurso, en apoyo del cual invoca el recurrente el caso de *González* v. *Registrador,* 38 D.P.R. 854.

No constando del registro que los bienes que se pretendió embargar pertenecían al demandado ni existiendo presunción legal alguna al efecto de que los mismos, no obstante hallarse inscritos a nombre de persona distinta del demandado, pertenecían a éste, aplicó correctamente el registrador el artículo 20 de la Ley Hipotecaria, cuyo párrafo cuarto prescribe:

"En el caso de resultar inscrito aquel derecho a favor de persona distinta de la que otorgue la transmisión o gravamen, los registradores denegarán la inscripción solicitada."

El caso de *González* v. *Registrador,* supra, invocado por el recurrente, no es aplicable. Allí se embargó una finca que aparecía inscrita a nombre de un menor, hijo del demandado, y en la escritura en que compareció el padre adquiriendo para el hijo, no se consignó la procedencia del dinero que sirvió de precio. Surgió entonces la presunción de haberse comprado con dinero del padre, y por consiguiente era de aplicación el artículo 226 del Código Civil, que en lo pertinente dice:

"Pertenece al padre o a la madre en propiedad y usufructo lo que el hijo adquiera con caudal de cada uno de ellos . . .''

En el caso de autos no surge del registro que las fincas inscritas a nombre de Hortensia Díaz Díaz pertenezcan en realidad al demandado y el hecho de que así se alegue en la demanda y que el juez en la orden de aseguramiento decrete su embargo, expresando que aunque se hallan ins-

critos a nombre de Hortensia Díaz Díaz dichos bienes pertenecen al demandado, es completamente inmaterial, pues no se ha hecho parte demandada a dicha Hortensia Díaz Díaz, quien no puede ser privada de su propiedad sin ser vencida en juicio, o lo que es lo mismo, sin el debido procedimiento de ley. ■ El juez que decretó el aseguramiento, carecía de facultad para ordenar el embargo de bienes de una persona contra la cual no se ha radicado demanda, a menos que, como sucedió en el caso de *González* v. *Registrador*, del propio registro resulta que dichos bienes, por lo menos presuntivamente, pertenecen al demandado. Véase el caso de *Mariño* v. *Registrador*, 40 D.P.R. 427, donde se resuelve que cuando los bienes que se trata de embargar son según el registro de una tercera persona que no es el demandado, no procede anotar el embargo, distinguiéndose dicho caso del de *González* v. *Registrador,* supra.

*Por las razones expuestas, procede confirmar la nota recurrida.*