IRIS ROSA FOURNIER HERNÁNDEZ, menor de edad, representada por sus abuelos y defensores judiciales JUAN HERNÁNDEZ NIEVES y JUANA MATOS DE NIEVES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE RÍO PIEDRAS, recurrido.

Número 1333.

*Sometido:* 3 de enero de 1957. *Resuelto:* 22 de enero de 1957.

---

*E. Martínez Rivera,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

La recurrente, en un pleito seguido contra Ramón Antonio Fournier, solicitó el embargo de bienes del demandado para asegurar la efectividad de la sentencia. El Tribunal Superior autorizó el embargo, previa prestación de una fianza, y la Secretaria expidió el siguiente mandamiento que se refiere a dos fincas rústicas inscritas al folio 130 del tomo 48 de Carolina, finca 2365, y al folio 117 del tomo 25 de Carolina, finca 1065:

"Por el presente mandamiento se requiere de Ud. el Registrador de la Propiedad de Río Piedras, que proceda a anotar un embargo a favor de la demandante Iris Rosa Fournier Hernández en el Registro a su cargo, de todo título, derecho, interés o participación que el demandado Ramón Antonio Fournier tiene o pueda tener sobre los inmuebles arriba descritos, para asegurar la efectividad de la sentencia que pueda dictarse a favor de la demandante hasta la suma de cincuenta mil dólares ($50,000), debiendo responder la finca letra A de la suma de $40,000 y la finca letra B de $10,000."

El Registrador de la Propiedad de Río Piedras denegó la anotación de dicho embargo el 16 de noviembre de 1950 a virtud de la siguiente nota:

"Denegada la anotación de embargo solicitada por aparecer las fincas inscritas a favor de los esposos Fournier-Sampedro

798

que son personas distintas al demandado, tomando en su lugar anotación preventiva por 120 días a favor de Iris Rosa Fournier Hernández, de acuerdo con la ley, a los folios 133 y 230 de los tomos 48 y 33 de Carolina, fincas núms. 2365 y 1065, anotaciones 'A', con el defecto subsanable de no expresarse las circunstancias personales del demandado. Afecta la finca núm. 2365 por su procedencia a hipoteca por $500 a favor de E. Le Verne Wood y a un aviso de demanda a favor de Avice Borda y ambas fincas están afectadas a un aviso de demanda a favor de Carmen Carrión. Río Piedras, noviembre 16 de 1950."

No fué hasta más de cuatro años y medio después, o sea, en agosto 2 de 1955, que el Registrador notificó al presentante del documento la nota denegatoria anteriormente transcrita. La recurrente entabló su recurso dentro del término de veinte días señalado por ley. Por tanto, tiene derecho a que revisemos la corrección de la nota recurrida, no obstante haber expirado por ministerio de ley la anotación preventiva por 120 días que tomó el Registrador e independientemente también de que haya transcurrido el término para solicitar la cancelación por prescripción del derecho que hubiera garantizado la anotación del embargo, si ésta se hubiese practicado en vez de denegarse. Véase *Rodríguez* v. *Registrador*, 62 D.P.R. 396 (1943).

No constando del Registro que las fincas descritas en el mandamiento de embargo pertenecían a Ramón Antonio Fournier a la fecha en que se solicitó la anotación del mismo, ni tampoco que el referido Ramón Antonio Fournier tuviera derecho real alguno sobre dichas fincas, y hallándose inscritos los bienes a nombre de personas distintas, es obvio que la nota del Registrador debe ser confirmada de acuerdo con las disposiciones del art. 20 de la Ley Hipotecaria (30 L.P.R.A. sec. 45) y del art. 92 del Reglamento Hipotecario (30 L.P.R.A. sec. 972). Es decir, resulta aplicable aquí la regla general al efecto de que, al decretarse un embargo de bienes o derechos que figuren inscritos en el registro, no procede la anotación si el titular registral es persona distinta al embar-

gado. Véanse *Mariño* v. *Registrador*, 40 D.P.R. 427 (1930) ; *Hernaiz Targa & Cía., Sucrs.* v. *Registrador*, 43 D.P.R. 69 (1932) ; *Román* v. *Registrador*, 59 D.P.R. 447 (1941) ; *Cf. Rivera* v. *Registrador*, 73 D.P.R. 720 (1952).([1])

■■ La Ley Hipotecaria y el Reglamento vigentes en España son distintos a los que existen en Puerto Rico sobre este particular. Cf. art. 166 del Reglamento Hipotecario Español, Medina y Marañón, Leyes Civiles de España, pág. 197. Aún así, la ley española no permite la anotación de un embargo trabado por deudas propias de un heredero del titular según el Registro, a menos que en el mandamiento de embargo consten las circunstancias del testamento o de la declaratoria de herederos. Véase 3 Roca Sastre, Derecho Hipotecario 483–494. Por otro lado, nada tiene que ver con la situación en el caso de autos la regla jurisprudencial establecida en Puerto Rico al efecto de que procede la anotación de un embargo en un pleito contra una sucesión aunque los bienes embargados estén inscritos todavía a nombre del causante. Véanse *Banco Comercial de Puerto Rico* v. *Registrador*, 24 D.P.R. 710 (1917) y *Schlüter* v. *Sucesión Díaz*, 46 D.P.R. 636 (1934). Y por último, sólo en virtud de disposición expresa del inciso 2 del art. 92 del Reglamento Hipotecario (30 L.P.R.A. sec. 972) es que *"si la propiedad de los bienes embargados no constare inscrita"* debe anotarse el embargo, haciéndose constar ese hecho como un defecto subsanable. Véanse *Sobrinos de Villamil* v. *Registrador*, 32 D.P.R. 545 (1923) ; *Armstrong* v. *Registrador*, 34 D.P.R. 267 (1925) ; *Moscoso Hermanos* v. *Registrador*, 35 D.P.R.

---

([1]) Debe advertirse además que el art. 126 del Reglamento Hipotecario dispone: "Si se pidiese la anotación habiendo fallecido el poseedor de la finca o derecho sobre que verse, y antes de haberse inscrito a favor de quien le suceda en la misma finca o derecho, se expresará la fecha del fallecimiento, la del testamento, si lo hubiere, el nombre del notario ante quien se haya otorgado y el del heredero, y en otro caso, referencia de haberse incoado procedimiento judicial para declarar herederos; y si estuviere hecha la declaración, los nombres, apellidos y vecindad de los herederos, y fecha de la ejecutoria en que hubiesen sido declarados tales". 30 L.P.R.A. sec. 1006.

1054 (1926); *López v. Martínez Hnos. & Co., S. en C.*, 45 D.P.R. 530, 538–541 ('1933).

*Se confirma la nota recurrida.*

El Juez Asociado Sr. Marrero no intervino.