BRAC, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando el convertir en inscripción una anotación preventiva.

No. 278.—Resuelto en abril 27, 1916.

RECURSOS GUBERNATIVOS—NOTA CONSENTIDA—DENEGATORIA DE INSCRIPCIÓN—SUBSANACIÓN DE DEFECTOS.—Cuando el recurrente ha consentido una primera nota en que se negó la inscripción de su título por el defecto que consignó el registrador, la única cuestión a resolver en un recurso contra la segunda nota es si tal defecto ha sido subsanado con el documento que para ese fin presentó al registrador.

BIENES PRIVATIVOS—DECLARACIONES JURADAS (*AFFIDAVITS*)—VIUDA—SUBSANACIÓN DE DEFECTOS.—La declaración jurada (*affidavit*) prestada por una vendedora para demostrar que era viuda cuando adquirió la finca vendida y que el dinero invertido en ella era de su exclusiva propiedad, y subsanar así el defecto apuntado por el registrador, que impidió la inscripción de la venta, no es el documento apropiado para tal fin. No hay precepto alguno que autorice el uso de una declaración jurada (*affidavit*) para acreditar el carácter privativo de una propiedad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Enrique Rincón.*

El registrador recurrido, Sr. José S. Belaval, compareció en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El Registrador de la Propiedad de San Juan, Sección 1ª., se negó a inscribir la escritura de 21 de diciembre de 1915 otorgada ante el notario Rincón Plumey por la cual Arturo Brac Brignoni compró a Guadalupe Gales cierta finca, fundándose en que no resultaba de los libros de su oficina el estado que tenía la vendedora en la fecha en que adquirió la finca, siendo viuda ahora, negativa que no fué recurrida por las partes, y habiéndosele presentado posteriormente el documento con una declaración jurada (*affidavit*) en la que la vendedora hace constar que era viuda cuando compró la finca y que el dinero invertido en ella era de su exclusiva pro-

piedad, dicho registrador se negó a convertir la anotación preventiva que había hecho del documento en inscripción por no ser bastante la expresada declaración jurada (*affidavit*) para la comprobación de la circunstancia que se pretende acreditar con ellas. Contra esta nota estableció el comprador el presente recurso gubernativo con súplica de que la revoquemos y ordenemos la inscripción del documento de compra.

Habiendo consentido Brac Brignoni la primera nota en que se negó la inscripción de su título por el defecto que consignó el registrador la única cuestión que tenemos ahora ante nosotros es si tal defecto ha sido subsanado con la declaración jurada (*affidavit*) que para tal fin presentó al registrador. *Hernández* v. *El Registrador de la Propiedad de Aguadilla*, 14 D. P. R. 795, y *Barreras* v. *El Registrador de la Propiedad de Humacao*, 15 D. P. R. 558.

La declaración jurada (*affidavit*) que presentó el recurrente para demostrar al registrador que la vendedora era viuda cuando adquirió la finca que le vendió, y subsanar el defecto que impedía la inscripción no es el documento apropiado para tal fin porque como dijimos en el caso de *Delgado* v. *El Registrador de Caguas*, 22 D. P. R. 128, y en el de *Sucesores de Andreu & Co., S. en C.,* v. *El Registrador* que cita, la declaración jurada (*affidavit*) es permitida generalmente para fines de la corte aunque puede usarse para otros objetos cuando la ley expresamente lo permite, sin que haya precepto alguno que autorice su uso para acreditar el carácter privativo de una propiedad.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.