## PEREIRA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registra-
dor de la Propiedad de Caguas denegando la subsanación
de un defecto.

No. 450.—Resuelto en enero 30, 1920.

EXPEDIENTE POSESORIO—AFFIDAVIT—CONTRIBUCIONES PAGADAS POR EL ANTERIOR DUEÑO.—Para subsanar el defecto señalado por el registrador consistente en no haberse dado conocimiento de la iniciación del expediente posesorio al anterior dueño de la finca o a sus herederos en un caso en que aparecían pagadas las contribuciones por el anterior dueño, el promovente presentó al registro un *affidavit* suscrito por éste admitiendo la venta y el previo cono-cimiento de la iniciación del expediente. Recurrida la nota por la cual se denegó la subsanación del defecto anteriormente apuntado, *se resolvió:* que el procedimiento empleado por el recurrente no es el apropiado, pues el *affidavit* es principalmente para fines de la corte y sólo puede usarse para otros fines cuando la ley expresamente lo permita.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Rafael Arce.*
El registrador recurrido, Sr. Pedro Gómez Lasserre, no
compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Ante la Corte Municipal de Caguas, Juan Pereira Vélez,
casado con Carmen Muñoz Villafañe, promovió información

en 25 de agosto de 1919 para acreditar la posesión de una finca rústica de 16 cuerdas de terreno radicada en el barrio de Beatriz de aquel término municipal, cuya finca habían adquirido ambos consortes en el año 1917 de Blas Rivera Rosado y María Jurado por título de compraventa.

Al escrito inicial de la información fué acompañada una certificación del Tesorero de Puerto Rico, su fecha 15 de agosto de 1919, expresiva de que en el reparto de contribuciones del municipio de Caguas, año económico de 1919–20, aparecía como contribuyente Blas Rivera Rosado por una propiedad radicada en el barrio Beatriz de dicho municipio, con cabida de 16 cuerdas de terreno, valorada en $290 y un bohío en $20.

Admitida y tramitada la información ofrecida, la Corte Municipal de Caguas dictó resolución final en 2 de octubre de 1919 mandando se inscriba en el registro el derecho de posesión de la finca de que se trata a favor de Juan Pereira Vélez, sin perjuicio de tercero de mejor derecho, y el registrador denegó la inscripción por medio de nota de octubre 8, 1919, que dice así:

"Denegada la inscripción del documento que precede y extendida en su lugar anotación preventiva durante el término de 120 días a favor de Juan Pereira Vélez por la razón siguiente: porque de la certificación del Tesorero de Puerto Rico expedida en 15 de agosto de 1919, consta que paga la contribución a título de dueño por la finca descrita en dicho documento, Blas Rivera Rosado, persona distinta del promovente Juan Pereira Vélez, y porque éste no dió cumplimiento al apartado 2º. de la regla 4ª. del artículo 391 de la Ley Hipotecaria dando conocimiento a aquel o a sus herederos de la tramitación del expediente a fin de que manifestara si tenía algo que oponer a su inscripción."

Fué presentado nuevamente al registro el expediente posesorio para que se convirtiera en inscripción definitiva la anotación preventiva extendida en el registro, con un *affidavit* en el que Blas Rivera Rosado declara ante el Juez de Paz de Aguas Buenas que vendió a Juan Pereira Vélez el predio

de terreno objeto de la información, que aparecía amillarado a su nombre en el reparto de contribuciones sobre la propiedad del año fiscal de 1919–20; que el expediente había sido promovido por Juan Pereira Vélez con conocimiento del declarante, puestos ambos de acuerdo para que la finca pudiera ser inscrita, y que lejos de tener que hacer oposición a la tramitación de dicho expediente está conforme con que se inscriba sin dificultad alguna en el registro de la propiedad.

El registrador denegó la conversión solicitada por medio de nota de 11 de noviembre de 1919, del tenor siguiente:

"Denegada la conversión en inscripción definitiva de la anotación preventiva a que se refiere la nota anterior, por no haber sido subsanado el defecto que la motivó, toda vez que el *affidavit* No. 460 suscrito en Aguas Buenas por Blas Rivera Rosado el día 8 de noviembre actual ante el Juez de Paz de dicho pueblo, es insuficiente por las razones que siguen: porque determinando los artículos 391 y 392 de la Ley Hipotecaria el procedimiento a que han de ajustarse las informaciones posesorias de que trata el artículo 390 del citado cuerpo legal, no es dable al interesado o a su abogado recurrir a procedimientos extraños a dicha ley, como se hace en este caso, declarando por medio de dicho *affidavit* la persona de quien procede el inmueble, cuando la citación de la misma debió haber sido ordenada por la corte municipal que conoció del expediente, para que oyendo a dicha persona si tenía algo que oponer a su inscripción, la ordenara de *novo*, una vez subsanado el defecto que motivó su denegación; y además, porque la presentación de un *affidavit* no es la manera adecuada de subsanar un defecto existente en un documento público, según lo tiene declarado repetidas veces la Hon. Corte Suprema de Puerto Rico."

La anterior nota ha sido recurrida para ante esta Corte Suprema y a ella, por tanto, hemos de contraernos para la consideración del recurso, por ser jurisprudencia ya establecida en repetidas decisiones por esta Corte Suprema que cuando se presenta al registro de la propiedad un documento para la inscripción y es denegada sin que la parte recurra contra la denegatoria dentro del término legal se entiende que la consiente, pero si la parte presenta de nuevo el documento

acompañado de otros que a su juicio subsanan los defectos señalados por el registrador y éste insiste en su negativa, la parte interesada podrá recurrir para ante esta Corte Suprema, limitándose el recurso a discutir si los defectos señalados en la primera nota consentida fueron o no debidamente subsanados. *Behn* v. *El Registrador de la Propiedad*, 21 D. P. R. 513.

Entendemos que el defecto apuntado por el registrador en su nota de 8 de octubre de 1919 no fué debidamente subsanado pues el procedimiento empleado por el recurrente para subsanar la falta de certificación sobre reparto de contribuciones no es el apropiado. Este Tribunal tiene resuelto que el *affidavit* es principalmente para fines de la corte, pudiendo usarse para otros objetos cuando la ley expresamente lo permite. *Sucesores de Andreu & Cía., S. en C.* v. *El Registrador de la Propiedad*, 20 D. P. R. 421, y *Delgado* v. *El Registrador de Caguas*, 22 D. P. R. 125.

No existe precepto legal alguno que permita el *affidavit* para suplir en un expediente posesorio la falta de cumplimiento de la regla 4ª. del artículo 391 de la Ley Hipotecaria.

Por las razones expuestas es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.