ALEJANDRO RENÉ BERRIZBEITÍA, recurrente, *v.* EL REGISTADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 801.—*Sometido:* Febrero 13, 1930. *Resuelto:* Febrero 24, 1930.

*Raúl Benedicto,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Para fijar los hechos en este caso, pueden tomarse textualmente las palabras del recurrente en parte de su moción estableciendo el recurso gubernativo.

"El quince de agosto de mil novecientos veinte y siete, falleció en la ciudad de Gujan (Francia) el Sr. José Manuel Juan Bautista Ramón de la Santísima Trinidad Berrizbeitía, bajo testamento que otorgara en la ciudad de Burdeos el dieciocho de noviembre de mil novecientos diez y seis en el que legó la totalidad de su fortuna a su esposa Juana Dussaut, disponiendo que a la muerte de ella pasase a su hijo Alejandro René, quien no tendría intervención alguna en dicha herencia durante la vida de su esposa.

"Por un documento firmado en Burdeos ante el notario Henry Lefay, Alejandro René Berrizbeitía declaró consentir las disposiciones testamentarias de su padre, dando su consentimiento para que su señora madre gozase de la herencia en la forma dispuesta, sin reserva.

"Presentados estos documentos en el Registro de la Propiedad de San Juan, Sección Primera, fueron inscritos sin obstáculos, pero haciendo constar el defecto subsanable de no expresarse que Alejandro René Berrizbeitía fuera el único hijo del testador.

"Con objeto de subsanar este defecto, se presentó al Registro un documento firmado en la ciudad de Burdeos ante el notario Alberto Malauzat, el primero de febrero de mil novecientos veinte y ocho en el que los Sres. William Grisch y Georges Ducarpe declaran que conocían perfectamente a José Manuel Juan Bautista Ramón de la Santísima Trinidad Berrizbeitía, que vivía en Burdeos, que estaba casado con la Sra. Juana Dussaut, y que Alejandro René Berrizbeitía era el hijo único habido en dicho matrimonio, habiendo el Registrador denegado la subsanación de dicho defecto cuya denegatoria es objeto el presente recurso."

La nota del registrador es correcta. No puede sustituirse la declaración de un tribunal competente y con jurisdicción sobre los bienes de que se trata, con la declaración de dos o más personas ante un notario de jurisdicción extraña. Aunque se diera valor a esas declaraciones, ellas no tendrían más eficacia que la que la ley da a los *affidavits* en nuestra propia jurisdicción. Y este tribunal tiene resuelto, en el caso *Brac* v. *Registrador de San Juan*, 23 D.P.R. 749,

que una declaración jurada no es suficiente para subsanar ciertas faltas en el registro. En la decisión en este caso se citan las en *Hernández* v. *Registrador,* 14 D.P.R. 795, y *Barreras* v. *Registrador,* 15 D.P.R. 558; se dice:

"La declaración jurada (*affidavit*) que presentó el recurrente para demostrar al registrador que la vendedora era viuda cuando adquirió la finca que le vendió, y subsanar el defecto que impedía la inscripción no es el documento apropiado para tal fin porque como dijimos en el caso de *Delgado* v. *El Registrador de Caguas,* 22 D. P. R. 128, y en el de *Sucesores de Andréu & Co., S. en C.,* v. *El Registrador,* que cita, la declaración jurada (*affidavit*) es permitida generalmente para fines de la corte aunque puede usarse para otros objetos cuando la ley expresamente lo permite, sin que haya precepto alguno que autorice su uso para acreditar el carácter privativo de una propiedad

La doctrina ha sido sostenida en decisiones posteriores.

*Se confirma la nota recurrida.*

EL JUEZ ASOCIADO SEÑOR WOLF está conforme con el resultado.