HERNAIZ TARGA & CÍA., SUCERS., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 860.—*Sometido:* Enero 13, 1932. *Resuelto:* Febrero 2, 1932.

*De la Torre & Ramírez,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Aparece de una escritura pública que la sociedad mercantil Hernáiz Targa y Cía., Sucrs., S. en C., demandó en cobro de dinero a Ramón Cobián Rivera y que para hacer efectiva la sentencia dictada contra el demandado fué vendido en pública subasta y adjudicado a la acreedora todo el

derecho e interés de Ramón Cobián Rivera en la herencia de su madre doña Josefa Rivera Vázquez en una finca y en un crédito hipotecario. Presentada en el Registro de la Propiedad de San Juan, Sección Segunda, esa escritura, fué negada la inscripción de la venta a la mercantil por estar inscrita la finca a favor de Esteban, Narciso, Ildefonsa, Rosaura, Evaristo y Margarita Cobián Rivera y el crédito hipotecario a nombre de Modesto, José, Ildefonsa, Rosaura, y Margarita Cobián Rivera, personas distintas de Ramón Cobián Rivera.

▆▆ Dice la mercantil compradora en su escrito estableciendo este recurso gubernativo contra la negativa de inscripción de su título que al ser interpuesta su demanda fué anotado en el registro su embargo del interés o participación de Ramón Cobián Rivera en la herencia de su madre en cuanto a la finca y crédito dichos; que posteriormente se practicó la división y partición de los bienes de doña Josefa Rivera Vázquez de la que aparece que a cada heredero correspondió un haber en los expresados bienes de $9,502.01; que diciéndose en ella que el heredero Ramón Cobián Rivera era deudor a su madre de $17,000, la diferencia se hicieron cargo de pagarla algunos de los herederos a los que fué adjudicada la participación de su hermano Ramón; y que todo esto aparece de la inscripción de la finca y crédito a favor de los hermanos. El registrador acepta en el alegato que nos ha presentado la anotación del embargo y lo que aparece de la inscripción hecha como consecuencia de la escritura de partición de bienes mencionada.

El derecho hereditario de Ramón Cobián Rivera en la herencia de su madre no fué inscrito en el Registro de la Propiedad, como pudo serlo con la presentación de la declaratoria de herederos, por lo que la transmisión de tal derecho a la mercantil no podía ser inscrita pues, según el artículo 20 de la Ley Hipotecaria, para inscribir o anotar los títulos en que se transfiera o grave el dominio o la pose-

sión de los bienes inmuebles o derechos reales deberá constar previamente inscrito o anotado el derecho de la persona que otorgue o en cuyo nombre se haga la transmisión o gravamen. La anotación de un embargo no es la inscripción de bienes a favor de la persona a quien se embarga, ni crea el dominio ni derecho real.

■ Además, estando inscritos actualmente el crédito hipotecario y la finca a favor de personas distintas de Ramón Cobián Rivera, mientras subsista esa inscripción, no puede inscribirse o anotarse otro título por el cual se transmita o grave la propiedad del mismo inmueble, de acuerdo con el artículo 17 de la misma ley. Si al hacer el registrador la inscripción a favor de los hermanos de Ramón Cobián Rivera debió negar la inscripción en cuanto a la parte embargada y no debió ignorar la anotación del embargo referido, como dice la recurrente, es cuestión que no puede ser resuelta en este recurso pues el hecho es que, bien o mal, la finca y crédito están inscritos a favor de otras personas.

*La nota del registrador debe ser confirmada.*