ISIDORO ALVAREZ, recurrente, *v.* EL REGISTRADOR DE
LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1075.—*Sometido:* Octubre 21, 1940. *Resuelto:* Noviembre 25, 1940.

*A. L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

·EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En el Registro de la Propiedad de Caguas, a los folios 147 ·y 153 del tomo 65 de Caguas, fincas núms. 2841 y 2842, ins-

cripciones primeras, aparecen inscritas a nombre de Inocencio Colón dos porciones de terreno que se describen así:

"A. Rústica; predio de terreno radicado en el Bo. Borinquen de Caguas, con cabida de 10 cuerdas, equivalentes a 3 hectáreas, 93 áreas y 4 centiáreas, linda al norte, María Ángela Muñoz Torres, hoy los esposos Solá Muñoz; sur, Mauricio Morales y Marcelino Solá, hoy Gaspar Caballero; este, Francisca Muñoz; y oeste, Rosario Ayala.

"B. Rústica; predio de terreno de 10 cuerdas equivalente a 10 hectáreas, 93 áreas y 4 centiáreas, sita en el Bo. Borinquen de Caguas, lindando por el norte con Juan Aguayo Hernández; sur, Francisca Muñoz; este, Cándido Solá; y oeste, Rosario Ayala."

Seguido procedimiento de apremio por el Departamento de Hacienda contra Inocencio Colón para el cobro de contribuciones impuestas a dichos dos predios de terreno, fueron éstos vendidos en pública subasta y adjudicados a Isidoro Alvarez, el aquí recurrente.

En el certificado de compra de bienes inmuebles expedido por el Colector de Rentas Internas de Caguas se dice:

"Que tan pronto como fué recibido dicho certificado debidamente registrado, se dictó notificación de embargo de los siguientes bienes inmuebles del contribuyente:

" 'Finca rústica, con cabida de 20 cuerdas de terreno sin edificaciones situada en el Bo. Borinquen del municipio de Caguas, P. R., lindando por el norte, José R. Ayala, sur, Isidro Álvarez, este, Salustiano Polo, y oeste, Ricardo Ayala. (Seg. Registro figuran inscritas a nombre de Inocencio Colón dos porciones). A. Rústica; predio de terreno radicado en el Bo. Borinquen de Caguas, con cabida de 10 cuerdas, equivalentes a 3 hectáreas, 93 áreas y 4 centiáreas, linda al norte, María Ángela Muñoz Torres, hoy los esposos Solá Muñoz, sur, Mauricio Morales y Marcelino Solá, hoy Gaspar Caballero, este, Francisca Muñoz, y oeste, Rosario Ayala. B. Rústica; predio de terreno de 10 cuerdas equivalentes a 10 hectáreas, 93 áreas y 4 centiáreas, sita en el Bo. Borinquen de Caguas, lindando por el norte con Juan Aguayo Hernández, sur, Francisca Muñoz, este, Cándido Solá y oeste Rosario Ayala.

"Que la propiedad anteriormente descrita aparece registrada en el Registro de la Propiedad de Caguas, P. R., a los folios 147 y 153

del tomo 65 de Caguas, fincas Núms. 2841 y 2842, inscripciones prime-
ras.''

Presentado dicho certificado al registro, el registrador
denegó su inscripción por las razones que expuso en la nota
recurrida, que lee así:

''Denegada la inscripción de este documento por no aparecer ins-
crita la finca tal y como se describe a nombre del contribuyente
Inocencio Colón y tomada en su lugar anotación preventiva por 120
días a favor del adjudicatario Isidoro Álvarez, al folio 17 del tomo
203 de Caguas, finca 6141, anotación A, con el defecto subsanable
de no expresarse el estado civil del señor Álvarez.''

Sostiene el recurrente que tratándose de una agrupación
de dos parcelas que aparecen inscritas a nombre del contri-
buyente Colón el registrador debió inscribir la finca agrupada
con una descripción nueva, distinta de las que tienen en el
registro las parcelas que la integran. Y en apoyo de su
contención cita el caso de *Moraza* v. *Registrador,* 45 D.P.R.
833.

Alega el recurrido que desconoce la autoridad que pueda
tener el colector para hacer una agrupación, y que tampoco
conoce la fuente de donde dicho funcionario tomó los datos
necesarios para determinar la cabida, situación y linderos
de la finca resultante de la agrupación de los dos predios
antes descritos. Sostiene, además, que el colector debió diri-
gir el procedimiento de apremio contra cada una de las por-
ciones individualmente, por el importe adeudado por cada
una, y no contra la finca resultante de una agrupación prac-
ticada por él, por la totalidad de las sumas reclamadas. Y
se apoya también en el caso de *Moraza* v. *Registrador,* supra.

Los hechos en el citado caso eran prácticamente idén-
ticos a los del presente, con la única diferencia de que allí
el colector no hizo constar, como lo hizo en el caso de autos,
que la finca ofrecida en venta estaba constituída por la agru-
pación de dos parcelas de terreno inscritas a nombre del

contribuyente. Este tribunal al sostener la nota recurrida se expresó así:

"Opinamos que el registrador estuvo justificado al denegar la inscripción. El hecho de que estas dos parcelas unidas arrojen una cabida igual a la que aparece en el certificado de venta, no quiere decir que necesariamente la finca vendida esté compuesta de esas dos parcelas. Si esa es la realidad el Colector de Rentas Internas debió haber hecho constar en el certificado que la finca rematada se formó por agrupación de las dos porciones de terreno."

Convenimos con el registrador en que para evitar confusiones es más conveniente que el procedimiento de apremio se siga contra cada una de las fincas deudoras, individualmente, por el importe de las contribuciones adeudadas por cada una de ellas, en vez de agruparlas en una sola finca.

El recurrente interpreta el párrafo que hemos transcrito del caso de *Moraza* v. *Registrador,* supra, en el sentido de que este tribunal ha reconocido la autoridad del Colector de Rentas Internas para agrupar dos o más fincas de un contribuyente moroso y ofrecerlas en venta como una sola finca, por el total de las contribuciones adeudadas por los inmuebles así agrupados. No creemos que el párrafo transcrito sea susceptible de tal interpretación, pero, para evitar que pueda ser interpretado erróneamente en el futuro, haremos lo más clara posible nuestra posición.

La agrupación de dos o más fincas, para que en el futuro formen una sola, es un acto que sólo puede realizar el dueño. El colector es un mero representante de un acreedor, El Pueblo de Puerto Rico, el cual tiene un gravamen preferente sobre, pero no el dominio de los bienes que ofrece en pública subasta para cobro de contribuciones. El contribuyente moroso cuyas propiedades son vendidas en pública subasta, tiene un derecho de redención sobre cada una de las fincas vendidas. Puede redimir una de ellas, pagando al comprador el precio del remate más los intereses fijados por el estatuto; y dejar expirar el término de redención en cuanto a los demás inmuebles. Si se permitiese al colector agrupar todas las

fincas y ofrecerlas en venta como una sola, el contribuyente se vería privado de su derecho a redimir una propiedad, individualmente, por carecer de medios suficientes para redimirlas todas. Opinamos, por lo tanto, que, no siendo dueño, un colector de rentas internas carece en absoluto de facultad para por sí y ante sí y sin el consentimiento expreso del dueño agrupar dos o más fincas que aparecen inscritas por separado a nombre de un contribuyente moroso (artículo 61, inciso cuarto, del Reglamento de la Ley Hipotecaria). El colector está obligado a respetar el *status* de dichas propiedades en el registro, embargándolas y ofreciéndolas en venta por el importe exacto de las contribuciones adeudadas por cada finca, pues sólo de ese modo quedará protegido el derecho de redención que la ley concede al contribuyente.

*Por las razones expuestas se declara sin lugar el recurso y se confirma la nota recurrida.*