EDITH PUFFER MOORE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1105.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Noviembre 17, 1942.

*Brown, González & Newsom* y *Carlos J. Faure,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Edith Puffer Moore, alegando ser dueña de la casa de mampostería de tres plantas número doce de la calle de la Cruz de esta ciudad de San Juan de Puerto Rico, se dirigió al registrador de la propiedad del distrito, Sección Primera, pidiéndole que cancelara en sus libros ciertas anotaciones, y el registrador el 27 de junio de 1942 se negó porque "no es dable proceder a dicha cancelación sin el consentimiento de María Ana Otero Mahonés, que es la persona a cuyo favor se extendió la toma de razón que se pretende cancelar, o por resolución de la corte de justicia competente."

Presentado otro escrito al registrador por la señora Moore interesando la cancelación total de las limitaciones establecidas en las inscripciones séptima y octava de la referida finca subsanándose el defecto consignado por el registrador en las mismas, así como la toma de razón al margen de la inscripción séptima a favor de María Ana Otero Mahonés, insistió el registrador en su criterio por nota del 6 de julio de 1942, contra la cual se ha interpuesto el presente recurso gubernativo.

Como puede verse, existe una cuestión previa, que es la relativa a la facultad del registrador para hacer lo que se le pide. No importa cuán meritoria pueda ser la petición. Si el registrador no tiene facultades, obró derechamente al negarse a actuar, debiendo la peticionaria obtener el consentimiento de la parte interesada o la resolución judicial correspondiente si dicha parte lo rehusare.

Los hechos son largos y confusos. Procuraremos resumirlos basándonos en una certificación de las constancias del registro expedida por el propio registrador que figura en el expediente.

Josefa Penelas Hernández, dueña anterior de la casa de que se trata, falleció en febrero de 1914 bajo testamento en el cual instituyó como legatarias del usufructo de la misma a Evarista Rivera y a sus hijas Isabel y Providencia Mahonés, dejando la nuda propiedad a Hilario Pérez, en los siguientes términos:

"Lego en usufructo vitalicio por partes iguales las casas calle de la Cruz números doce y veinticuatro y Sol número cuarenta y nueve a Evarista Rivera y a sus hijas Isabel y Providencia Mahonés y el dominio directo o nuda propiedad a don Hilario Pérez Alonso Cuevillas. Las usufructuarias quedan relevadas de fianzas y administrarán libremente las casas. Según vaya ocurriendo el fallecimiento de cada una se irá consolidando el dominio. Si al fallecimiento de Isabel o Providencia tuvieran uno o más hijos de su matrimonio, éstos serán los legatarios del dominio directo; pero si fallecieren antes de la edad de otorgar testamento, o sin él, será el legatario dicho Hilario Pérez. . . ."

En el propio año de 1914, poco después de ocurrir la muerte de la testadora, falleció la legataria Evarista Rivera, haciéndose constar en el registro el 17 de agosto de 1916 que la tercera parte indivisa del usufructo que le correspondía quedaba consolidado en Hilario Pérez, dueño de la nuda propiedad.

En 1915 comparecieron ante notario Hilario Pérez e Isabel y Providencia Mahonés y manifestando que no les con-

venía continuar en comunidad, hicieron un traspaso de sus respectivos derechos entre sí, quedando Isabel y Providencia como dueñas exclusivas de la casa que hoy pertenece a la recurrente. La inscripción de la escritura otorgada en lo que respecta a dicha casa, se hizo el 17 de agosto de 1916 como sigue:

". . . En su virtud y observándose el defecto subsanable de que por los términos en que está redactada la cláusula octava del testamento de doña Josefa Penelas inserta en el título y en la inscripción precedente, resulta dudoso el sentido y alcance que quiso dar la testadora a la condición resolutoria del legado de la nuda propiedad hecho a don Hilario Pérez, establecida a favor de los hijos de doña Isabel y doña Providencia Mahonés que acaso existan al fallecimiento de éstas según el último particular de dicha cláusula octava; y no puede determinarse con exactitud si el caso de excepción allí previsto se refiere a la totalidad del dominio directo de las tres casas legadas, o si únicamente se contrae a la participación usufructuada por las respectivas madres expresadas, según la interpretación de los otorgantes aprobada por la corte, en cuyo caso los hijos de doña Isabel y doña Providencia Mahonés no habrían de adquirir otro dominio directo que el que pudiera existir sin consolidar con el usufructo al fallecimiento de una u otra de aquéllas, inscribo a favor de doña Isabel y doña Providencia Mahonés Rivera, el dominio pleno de una tercera parte de esta finca y la nuda propiedad de dos terceras partes de la misma, a título de transacción, dejando consignado el expresado defecto. . . ."

El 10 de marzo de 1942 el registrador tomó razón al margen de la inscripción a que acabamos de referirnos de una escritura otorgada por María Ana Otero Mahonés haciendo constar que era hija legítima de Isabel Mahonés, que nació en 1914 y que tenía los derechos que pudieran corresponderle a los hijos de Isabel y Providencia Mahonés de acuerdo con la cláusula octava del testamento de la señora Penelas anteriormente transcrita.

Basta esa mera exposición de hechos para concluir que tuvo razón el registrador al actuar en la forma en que lo hizo, ya que dentro de nuestro sistema hipotecario, cuando

se crea un estado de derecho en el registro a favor de determinada persona, no tiene el registrador facultad para alterarlo sin el consentimiento de la misma, a no ser que así se lo ordene el tribunal competente. (*Iglesia Católica, etc*: v. *Registrador,* 59 D.P.R. 110, y casos citados en el mismo.) Y aquí no hay duda de que, con razón o sin ella, es lo cierto que en el registro consta algo que pudiera favorecer a María Ana Otero Mahonés que no puede hacerse desaparecer sin su consentimiento o a virtud de una resolución judicial adversa.

*Debe declararse sin lugar el recurso.*