JUAN MARI RAMOS, recurrente, *v.* EL REGISTRADOR D. LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1279.—*Sometido:* Diciembre 3, 1951.   *Resuelto:* Diciembre 7, 1951.

*Emilio Forestier Gregory,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Mayagüez una escritura pública intitulada "Acta

de Corrección de Cabida y Descripción", en que se hizo constar que Juan Mari Ramos es dueño de un solar situado en el barrio Salud de Mayagüez, de 16 varas de frente por 20 varas de fondo, o sean 320 varas cuadradas, igual a 300 metros más o menos, y que mensurado el mismo según certificación acompañada dicho solar resultó tener una extensión superficial de 189.77 metros cuadrados, la misma fué denegada por el Registrador de la Propiedad, según nota que textualmente copiada reza así:

"Denegada la inscripción de la rectificación de cabida que comprende este documento que es la escritura número ciento cuarenta y siete, otorgada en Mayagüez a 18 de diciembre de 1950, ante el notario Emilio Forestier Gregory, con vista de un certificado de mensura, por los siguientes fundamentos:

"1. La finca, de acuerdo con el Registro, tiene una cabida de 300 metros cuadrados, y de acuerdo con el certificado de mensura que se acompaña al Acta de Corrección de Cabida tiene solamente 189.77 metros cuadrados, faltando la cantidad de 110.23 m/c, de cuyos hechos racionalmente puede inferirse que se ha hecho una segregación de 110.23 m/c que no ha sido inscrita en el Registro, cuya segregación ha podido hacerse con posterioridad a la vigencia del Reglamento de Lotificación, para lo cual se necesitaría el correspondiente plano aprobado por la Junta de Planificación, Urbanización y Zonificación o el certificado de dispensa expedido por dicha Junta, documentos complementarios éstos que no han sido presentados ante el Registro para poder inscribir la descripción del remanente de la finca.

"2. Tal segregación ha podido haberse otorgado con anterioridad a la vigencia del reglamento en cuyo caso no sería necesaria la intervención de la Junta de Planificación, hecho que no ha sido acreditado mediante la correspondiente escritura de segregación.

"3. El certificado de mensura presentado para justificar la menor cabida de la finca es insuficiente ya que no atribuye la diferencia de cabida a error de cálculo o sistema usado en su mensura original.

"4. Si la diferencia de cabida se debe a hechos ajenos a error en su mensura original, el certificado de mensura presentado, el cual atribuye la diferencia a que una parte del solar fué ocupado para ensanchar la calle Tamarindo, sólo constituye una de-

claración jurada que no es el documento apropiado para acreditar tales hechos en el Registro de la Propiedad ni ha sido otorgada por las partes realmente necesarias.

"5. Con posterioridad a la vigencia del Reglamento de Lotificación, para poder reducir la cabida de una finca urbana en el Registro, se necesita presentar los documentos que justifiquen su dismunición acompañados de la correspondiente autorización de la Junta de Planificación o un certificado de mensura que pueda probar fuera de toda duda que en su mensura original existió un error que alteró fundamentalmente su medida superficial, tomándose en su lugar la correspondiente anotación preventiva por el término legal, ..."

Contra esa nota interpuso Mari Ramos el Recurso Gubernativo autorizado por la Ley de 1º de marzo de 1902 (Estatutos Revisados de 1911, sección 2180 y siguientes).

██ Actuó acertadamente el Registrador. De acuerdo con el artículo 24 de la Ley núm. 213 de 12 de mayo de 1942, pág. 1107, según fué enmendado por la Ley núm. 388 de 11 de mayo de 1950, págs. 905, 921, "... *Ningún Registrador aceptará para inscribirlo, ningún plano de lotificación que no haya sido finalmente aprobado y firmado por la Junta, ni ningún* traspaso, convenio de traspaso, de una parcela de terreno, ni *interés en la misma, dentro de una lotificación, a menos que se haya registrado un plano final o preliminar aprobado por la Junta.*" [1] (Bastardillas nuestras.) Esa disposición no da discreción alguna al registrador. *Ramos* v. *Registrador*, 69 D.P.R. 708. Si de acuerdo con las constancias del registro el solar en cuestión tiene una cabida de 300 metros y según la escritura presentada el área superficial del mismo tan sólo es de 189.77 metros cuadrados, es meridianamente claro que faltan 110.23 metros cuadrados. De ello lógicamente podría inferirse que ha habido una segregación y que tal segregación pudo efectuarse con posterioridad al 5 de septiembre de 1944, fecha de la vigencia del Reglamento de Lotificación. En tal caso, conforme dijimos en

[1] En la enmienda introducida al artículo 24 de la Ley núm. 213 de 1942 ((1) pág. 1107) por la núm. 434 de 1951 (págs. 1227, 1239), el párrafo antes copiado reza en idéntica forma.

*Rodríguez* v. *Registrador*, 66 D.P.R. 774, 776, "...debió haberse hecho un plano y sometido a la Junta de Planificación para su aprobación u obtenerse la correspondiente certificación acreditativa de haberse dispensado su presentación." De haberse hecho la segregación con anterioridad a la vigencia del Reglamento de Lotificación la intervención de la Junta, desde luego, sería innecesaria. *Alicea* v. *Registrador*, 71 D.P.R. 592; *Matos* v. *Junta de Planificación*, 66 D.P.R. 439. Pero en ese caso ha debido acompañarse la correspondiente escritura de segregación demostrativa de la fecha en que la misma se hizo. Aquí no se ha presentado tal escritura.

██ Por otra parte, de ser errónea la cabida que originalmente se atribuyó al solar, ese hecho debió aclararse mediante la correspondiente certificación de mensura. *Rodríguez* v. *Registrador*, supra. Lejos de hacerse tal aclaración, el certificado de mensura suscrito por el agrimensor Sigfredo Torres, acompañado al Acta Aclaratoria, meramente hace constar "que el día 6 de diciembre de 1950, procedí a mensurar un solar propiedad de don Juan Mari Ramos, sito en la calle San Rafael, esquina Tamarindo de Mayagüez, y después de haber notificado a los colindantes y de tener a mi vista el título de adquisición del Sr. Mari, físicamente este solar tuvo una cabida exacta de 189 metros con 77 centímetros cuadrados," certificando, además, dicho agrimensor "que me consta de propio conocimiento que este solar no ha sufrido desde la adquisición en poder del Sr. Mari Ramos segregación o alteración alguna y que el déficit habido se debe a que una parte de este solar fué ocupado para ensanchar la calle de Tamarindo que anteriormente era un callejón." No hace constar el agrimensor en su certificado que la cabida que se atribuyó al solar en su descripción anterior fuera errónea y que la verdadera superficie del mismo fuera 189.77 metros cuadrados. Tan sólo manifiesta, repetimos, algo que dice le consta de propio conocimiento. Tal constancia tiene el efecto y alcance de una declaración jurada, y la misma no es el

documento apropiado para acreditar hechos en el registro. *Santaliz* v. *Registrador*, 71 D.P.R. 84; *Alicea* v. *Registrador*, supra; *Pereira* v. *Registrador*, 28 D.P.R. 34 y *Brac* v. *Registrador*, 23 D.P.R. 749.

*Debe confirmarse la nota recurrida.*