GUMERSINDA RIVERA y RAMÓN PIÑEIRO, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1285.—*Sometido:* Septiembre 1, 1952.   *Resuelto:* Septiembre 12, 1952.

*Andrés Mena Latorre,* abogado de los peticionarios; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Los esposos Ramón Piñeiro y Gumersinda Rivera presentaron en el Registro de la Propiedad de Caguas una escritura de compraventa de una finca localizada en el Barrio Cañabón de Caguas. Esa escritura fué otorgada por el Municipio de Caguas a favor de los esposos recurrentes. Estos últimos acompañaron a esa escritura de compraventa un certificado expedido por el Secretario Auditor Muncipal de Caguas de fecha 10 de noviembre de 1951, y una carta dirigida al abogado Andrés Mena Latorre por el entonces Comisionado de lo Interior Jorge J. Jiménez de fecha 4 de septiembre de 1951.

El Registrador de la Propiedad de Caguas denegó la inscripción de la referida escritura de compraventa el día 11 de diciembre de 1951 tomando en su lugar anotación preventiva

por 120 días, "por resultar del Registro que la finca principal de que se segregó el solar vendido se halla inscrita según el Registro a favor de El Pueblo de Puerto Rico, entidad distinta a la vendedora, y por resultar insuficientes los documentos presentados para practicar la inscripción de la venta de dicho solar a favor de la dicha compradora señora Rivera Piñeiro."

■■ Los esposos ya mencionados han recurrido para ante este Tribunal Supremo y solicitan que revoquemos la nota denegatoria arriba descrita, y, como base de su recurso gubernativo alegan que el Registrador de Caguas ignoró los documentos que se presentaron conjuntamente con la escritura de compraventa. La carta del Comisionado de lo Interior lee de la siguiente manera:

"4 de septiembre de 1951

"Lcdo. Andrés Mena Latorre
Abogado Notario
Apartado postal 182
Caguas, Puerto Rico

Señor:

Acuso recibo de su carta del 16 de agosto próximo pasado, en la que solicita que el Comisionado que suscribe autorice al Registrador de la Propiedad de Caguas a segregar e inscribir a favor de don Ramón Piñeiro, un solar de 128 metros cuadrados radicado en la urbanización Santo Domingo del barrio Cañabón del término municipal de Caguas, que forma parte de una parcela de una cuerda propiedad de El Pueblo de Puerto Rico, por haber sido antes terrenos del Municipio de Caguas destinados a usos escolares, de acuerdo con la Ley núm. 76 aprobada en 19 de marzo de 1946.

Entendemos que lo que procede, es que el Alcalde de Caguas libre una certificación haciendo constar que el referido solar de 128 metros cuadrados no era propiedad del Municipio de Caguas ni estaba destinado a usos escolares, ya que dicho solar según la escritura número 23 de fecha 27 de enero de 1930 ante el notario don Antonio L. López, copia de la cual usted nos acompañó con su carta, había sido vendido a dicho señor Piñeiro. Este Departamento no tiene inconveniente en hacer constar que dicho solar no está destinado a usos escolares por haber sido así comprobado

por empleados nuestros que hicieron recientemente una inspección ocular sobre el terreno, encontrando en el referido solar construída una casa de madera destinada a residencia.

"Atentamente,

(fdo.) JORGE J. JIMÉNEZ
*Comisionado*"

La certificación del Secretario Auditor Municipal de Caguas lee así:

"CERTIFICO además que el referido solar de CIENTO VEINTIOCHO METROS CUADRADOS no era propiedad del Municipio de Caguas, ni estaba destinado a usos escolares cuando la finca principal fué traspasada al Pueblo de Puerto Rico, toda vez que el mismo ya había sido vendido conforme a la escritura número 23 de fecha 27 de enero de 1930 antes citada."

El Registrador hace constar que en la fecha en que se presentó la escritura de compraventa para su inscripción, el solar o finca objeto de la escritura estaba inscrito a favor de El Pueblo de Puerto Rico. Esa constancia del Registrador debe considerarse como cierta, especialmente cuando no ha sido impugnada por el recurrente. Es correcta la doctrina enunciada en el caso de *Capó* v. *Registrador*, 26 D.P.R. 388, al efecto siguiente:

"Afirmando el Registrador que la finca que se trata de inscribir [está inscrita] . . . . a nombre de persona distinta, sin que dicha afirmación haya sido destruída por el recurrente, debe confirmarse la nota recurrida."

Ni la certificación del Secretario Auditor del Municipio de Caguas ni la carta del Comisionado de lo Interior son suficientes para demostrar que las constancias en el Registro eran distintas a las informadas por el Registrador y el Registrador actuó correctamente al atenerse a ese estado del Registro. Esos documentos son insuficientes para justificar a este Tribunal a formar un criterio distinto al del Registrador.

En *Mari* v. *Registrador*, 72 D.P.R. 888 se resuelve que una declaración jurada no debe cambiar las constancias del Registro. En ese caso la declaración jurada de un agrimensor

se refería a hechos que le constaban de propio conocimiento. Dándole la interpretación más favorable posible al recurrente a la certificación del Secretario Auditor de Caguas, en ella se indica que el solar objeto de este recurso no pertenece realmente al Pueblo de Puerto Rico ya que antes que el Municipio de Caguas le vendiese la finca principal a El Pueblo de Puerto Rico ya el Municipio había vendido el solar aquí envuelto a otra persona. Pero, de acuerdo con la nota denegatoria del Registrador, tal venta anterior no se inscribió ni se hizo constar en el Registro.

Es claro que, de acuerdo con el artículo 20 de la Ley Hipotecaria, si una finca está inscrita en el Registro a nombre de persona distinta del que la transfiera o grave, ella conlleva un defecto insubsanable que impide la inscripción del documento. *Fernández* v. *Registrador*, 8 D.P.R. 460; *Vidal* v. *Registrador*, 12 D.P.R. 168; *Morales* v. *Registrador*, 12 D.P.R. 159; *Zayas Pizarro* v. *Registrador*, 46 D.P.R. 610; *Alvarez* v. *Registrador*, 57 D.P.R. 665. Es directamente aplicable a este caso el de *National City Bank* v. *Registrador*, 46 D.P.R. 82, en donde se resuelve:

"Adjudicada al Pueblo de Puerto Rico una propiedad subastada para el pago de contribuciones e inscrita la venta a su favor, mientras tal inscripción subsista no cabe inscribir venta alguna que no sea hecha por El Pueblo."

En *Hernaiz Targa & Cía., Sucrs.* v. *Registrador*, 43 D.P.R. 69 se determina que una inscripción a favor de herederos, bien o mal hecha es obstáculo a la inscripción de otra escritura a nombre de persona distinta.

Ni del Registro ni de los documentos presentados en este caso surge que el Pueblo de Puerto Rico haya consentido que se varíe el estado de derecho que consta en el Registro a favor de El Pueblo de Puerto Rico y por lo tanto el Registrador carece de facultad para alterarlo sin el consentimiento y la intervención de El Pueblo de Puerto Rico. En *Puffer* v. *Registrador*, 61 D.P.R. 40 se establece esta última regla y se dice:

"Y aquí no hay duda de que, con razón o sin ella, es lo cierto que en el registro consta algo que pudiera favorecer a María Ana Otero Mahonés que no puede hacerse desaparecer sin su consentimiento o a virtud de una resolución judicial adversa."

Véanse, además, *García* v. *Registrador*, 33 D.P.R. 950 e *Iglesia Católica, etc.* v. *Registrador*, 59 D.P.R. 110.

El Municipio de Caguas no puede obligar ni representar eficazmente al Pueblo de Puerto Rico en cuanto a la situación envuelta en este caso. También nos parece claro que la carta del anterior Comisionado de lo Interior no equivale a ni implica un consentimiento de El Pueblo de Puerto Rico a que se varíen las constancias en el Registro.

Incidentalmente en *Soto* v. *Registrador*, 58 D.P.R. 15 se resuelve que un Registrador no viene obligado a aceptar como válida y concluyente la manifestación de un Colector de Rentas Internas en un certificado de venta por contribuciones adeudadas, en cuanto a la existencia de herederos o cesionarios del contribuyente moroso en casos en que no se le demuestre por documentos oficiales que el contribuyente falleció, ni viene obligado el Registrador a aceptar manifestaciones del Colector que desconoce datos que en realidad aparecen del Registro.

*Debe confirmarse la nota recurrida.*

El Juez Presidente Señor Todd, Jr., no intervino.