JUAN GÜIBAS ACEVEDO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE RÍO PIEDRAS, recurrido.

*Número:* O-68-275     *Resuelto:* 11 de febrero de 1970

*José López del Valle,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Conforme a la inscripción decimotercera de la finca Núm. 4752 de Río Piedras—un solar de cien metros cuadrados y edificación en la Calle Capetillo—practicada en 23 de mayo de 1966, al fallecimiento de doña Carmen Muñoz viuda de Rosario el inmueble se inscribió "a título de legado . . . a favor de Rosa Rosario Muñoz, en cuanto a una tercera parte, a favor de Zenón Rosario Muñoz, en cuanto a otra tercera parte y la tercera parte restante *para la constitución de un salón para tratamiento de enfermos pobres.*" (Énfasis nuestro.) La disposición testamentaria que produjo esta inscripción ordenaba que "la casa de su propiedad en que vive con el valor que tenga al morir o sea al ocurrir su fallecimiento, se saque del tercio de libre disposición y se adjudique una tercera parte para su hija Rosa, otra tercera parte para su hijo Zenón y *la otra tercera parte restante para que se construya un salón para tratamiento de enfermos pobres fuera de los límites urbanos con lo que produzca el importe de la tercera parte de dicha propiedad.*" (Énfasis nuestro.) Esta inscripción fue consentida por los interesados.

Al practicarse las operaciones particionales del caudal relicto por la testadora se fijó el valor del inmueble en nueve mil dólares. Entre el activo sujeto a partición figuraba un crédito de tres mil dólares contra la heredera Rosa Rosario Muñoz, pactándose entre los interesados que "toda vez que el importe de dicha deuda es igual al valor de la tercera parte de la casa que recomendó la testadora se destinara a la construcción de un salón para tratamiento de enfermos pobres fuera de los límites urbanos, se destinara dicha cantidad a cumplir la voluntad de la referida causante por ser iguales los valores de la deuda y la tercera parte de la casa." Inmediatamente se da razón de la inversión de la suma indicada de tres mil dólares en la construcción de un salón para la atención de enfermos pobres anexo a una clínica establecida por la Sociedad Agrícola Buena Vista, Inc., que

es una entidad sin fines pecuniarios organizada por miembros de los Adventistas del Séptimo Día a la cual perteneció la testadora. Luego de hacer varias deducciones convenidas por los herederos se adjudicó el inmueble en proporción de siete novenas partes para los siete hijos sobrevivientes de la testadora, y dos novenas partes para unos nietos, en representación de dos hijos premuertos.

A la copia certificada de la escritura de división y adjudicación de herencia se unieron los siguientes documentos complementarios: 1) una certificación expedida por la Secretaría de Estado acreditativa de que la Sociedad Agrícola Buena Vista, Inc. es una corporación sin fines de lucro organizada el día 14 de enero de 1965; y, 2) una certificación autenticada ante notario suscrita por Tomasita Maldonado de Laboy, en su carácter de secretaria de dicha corporación, expresiva de que la mencionada entidad se dedica a predicar y difundir el mensaje adventista y a obras de beneficencia; que tiene establecida una clínica en el Barrio Buena Vista de Las Marías y que la Junta de Directores autorizó a doña Rosa Rosario viuda de Rodríguez para que edificara un salón para tratamiento de enfermos pobres junto a la clínica, en cuya construcción se invirtió la suma de tres mil dólares.

El Registrador de la Propiedad negó parcialmente la inscripción solicitada extendiendo nota denegatoria que lee:

"Inscrita sólo en cuanto a ⅔ partes de la finca; en cuanto a ⅓ parte ha sido denegada la inscripción por observarse que dicha tercera parte de esta finca consta inscrita para la construcción de un salón para tratamiento de enfermos pobres, sin que la misma haya sido traspasada en forma alguna a favor de los comparecientes . . . ."

La escritura mediante la cual los hijos y nietos adjudicatarios vendieron la totalidad del inmueble al recurrente Juan Güibas Acevedo fue denegada por fundamentos similares.

Se recurrió contra ambas notas denegatorias.

■ Convenimos con la parte recurrente en que la disposición testamentaria para la construcción de un salón para el tratamiento de enfermos pobres puede tratarse como un legado de una suma específica y no de una parte indivisa del inmueble, según se deduce del texto de la disposición testamentaria al hacer referencia a "con lo que produzca el importe de la tercera parte de dicha propiedad." Díaz Cruz, hijo, dice en *Los Legados* (Ed. Reus, 1951), a la pág. 132, que "El hecho de que se mande a pagar el legado con determinados bienes, hasta donde alcance su valor, no le quita el concepto de legado de cantidad a la suma legada por el testador." Véase, Sentencia del Tribunal Supremo de España de 6 de julio de 1903, Jurisp. Civil, tomo 96, págs. 39, 49. Se trata simplemente de un legado de cantidad indeterminada en que para fijar su importe es necesario una liquidación precedente. Al discutir el procedimiento para la satisfacción de legados a favor de personas pobres, Scaevola[1] acoge este criterio al decir que "Los albaceas o la persona encargada por el testador venderán los bienes y distribuirán su importe; partiendo de la base de que, aunque no lo aclara el Código, no ha podido ser su pensamiento el de que se distribuyan los mismos bienes de la herencia." Consideraciones de orden práctico tienen que favorecer esta solución que es además la más cónsona con el fin que inspira la institución, que no es otro que el de favorecer en forma inmediata al desvalido y al necesitado.

■ Arguye el recurrente que conforme al Art. 726 del Código Civil, 31 L.P.R.A. sec. 2338, la expresión del objeto del legado o la aplicación que haya de darse a lo dejado por el testador no se entenderá como condición, y, por tanto, lo dejado de esta manera puede pedirse desde luego. Este precepto no es aplicable por no comprender la disposición testamentaria un supuesto de institución modal, pues no se im-

---

[1] Código Civil (5a. ed., 1943), tomo XIII, pág. 302.

pone en virtud de la misma a los herederos instituidos o legatarios designados una prestación real o personal o el cumplimiento de una carga. Bonet Román, *Compendio de Derecho Civil* (1965), tomo V, pág. 297. Más bien se trata de una disposición cuyo cumplimiento corresponde al albacea que fue designado. (²)

Puede aceptarse que el registrador que calificó incidió al considerar la disposición testamentaria como una de legado de la tercera parte del inmueble. No obstante la inscripción practicada ha producido un estado de derecho que el actual no puede ignorar a menos que se modifique de algún modo conocido en derecho. *Berlingeri* v. *Registrador*, 96 D.P.R. 706 (1968); *Esso Standard Oil Co.* v. *Registrador*, 88 D.P.R. 306 (1963). Por tratarse de un error de concepto, Art. 260 de la Ley Hipotecaria, 30 L.P.R.A. sec. 437, (³) procede su rectificación en la forma prevista por el Art. 256 anterior, 30 L.P.R.A. sec. 433, o sea mediante el acuerdo unánime de los interesados y el registrador, de ser ello posible, o por la gestión de una providencia judicial que lo ordene, *cf. Chase Manhattan Bank* v. *Registrador*, 98 D.P.R. 92 (1969), o bien, de estimarse que el albacea es el llamado a dar cumplimiento a la disposición, mediante la gestión adecuada

---

(²) El Art. 824 del Código Civil, 31 L.P.R.A. sec. 2521, confiere al albacea la facultad de "vigilar sobre la ejecución de todo lo demás ordenado en el testamento."

La Ley de Enjuiciamiento Civil para Cuba y Puerto Rico de 1886 proveía un procedimiento para la adjudicación de bienes a que estén llamadas varias personas sin designación de nombres. Véanse, Reus, *Ley de Enjuiciamiento Civil*, tomo II, pág. 1050 y ss.; Guasp, *Derecho Procesal Civil*, tomo II, pág. 1147 y ss.; Manresa, *Comentarios a la Ley de Enjuiciamiento Civil* (7a. ed., 1956), tomo V, pág. 210 y ss. Mas no sería de aplicación al presente caso ya que no se trata estrictamente de una disposición a favor de los pobres en general, sino de una para la inversión en una obra específica para beneficio de los enfermos pobres.

(³) "Se entenderá que se comete error de concepto cuando, al expresar en la inscripción alguno de los contenidos en el título, *se altere o varíe su sentido*, sin que esta falta produzca necesariamente nulidad, conforme a lo prevenido en el art. 30."

y la rendición de cuentas requeridas por la ley. Art. 829 del Código Civil, 31 L.P.R.A. sec. 2526.(⁴) Precisa añadir que la certificación presentada, aparte de que no es el documento apropiado para hacer constar hechos en el Registro, *cf. Rivera* v. *Registrador*, 73 D.P.R. 720 (1952), *Mari* v. *Registrador*, 72 D.P.R. 888 (1951), no es suficiente para dejar sin efecto la inscripción de que se trata.

*Se confirmarán las notas recurridas.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Hernández Matos no intervinieron.

---

(⁴) "Los albaceas deberán dar cuenta de su encargo a los herederos. Si hubieren sido nombrados, no para entregar los bienes a herederos determinados, sino para darles la inversión o distribución que el testador hubiere dispuesto en los casos permitidos por derecho, rendirán sus cuentas a la sala competente del Tribunal Superior.

"Toda disposición del testador contraria a esta sección será nula."